Michael Tenenbaum, Esq. (No. 186850)
mt@post.harvard.edu
THE TENENBAUM LAW FIRM
1431 Ocean Ave., Ste. 400
Santa Monica, CA  90401
Tel   (310) 919-3194
Fax   (310) 919-3727

*Counsel for Defendants HVFG LLC, Marcus Henley,
Michael Ginor, Izzy Yanay, and Richard Bishop*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, a California corporation; and REGAL VEGAN, INC., a New York corporation;<br><br>Plaintiffs,<br><br>– against –<br><br>HVFG LLC, a New York limited liability company;<br>MARCUS HENLEY, an individual;<br>MICHAEL GINOR, an individual;<br>IZZY YANAY, an individual; and<br>RICHARD BISHOP, an individual;<br><br>Defendants. | Case No. C 12-05809 WHA<br><br>**DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT BY 10 DAYS**<br>[Local Rule 6.3]<br><br><br><br><br><br>Hon. William H. Alsup |

## SUMMARY OF MOTION

The State Bar's Attorney Civility and Professionalism Guidelines provide that, "[c]onsistent with existing law and court orders, an attorney should agree to reasonable requests for extensions of time that are not adverse to a client's interests." Because Plaintiff Animal Legal Defense Fund's in-house attorneys (who are also representing Plaintiff Regal Vegan, Inc., in this action) unreasonably refused to agree to an extension of *just one additional court day* for Defendants to respond to the complaint — despite Defendants' counsel having stipulated to obviate significant issues concerning service by accepting service on behalf of all five Defendants — Defendants HVFG LLC ("Hudson Valley"), Marcus Henley, Michael Ginor, Izzy Yanay, and Richard Bishop are regrettably forced to bring this motion to enlarge time to permit the timely filing of their responses.

For the reasons below, Defendants request an additional 10 days in which to file their responses (which are motions to dismiss), such that they may be timely filed by Monday, **February 4, 2013**. This requested extension does not alter the date of any event or deadline already fixed by Court order.

## STATEMENT OF RELEVANT FACTS

*Plaintiffs' complaint and defective service of summons*

Plaintiffs filed their complaint in this action on November 13, 2012. (Dkt. No. 1.) The complaint is 27 pages long and contains over 178 paragraphs. (*Id.*) It includes six causes of action against five separate defendants, including Hudson Valley and four individuals who reside and work for Hudson Valley in New York. (*Id.*)

On November 29, 2012, Plaintiffs filed proofs of service purporting to reflect service of the summons and complaint on all five Defendants on November 14, 2012. (Dkt. Nos. 4, 4-1, 4-2, 4-3, and 4-4.) When Defendants' counsel learned of the service, he contacted one of Plaintiffs' three attorneys, Nicole Roth, to request what the parties described as "extending" time to respond, and the parties stipulated that Defendants would have until January 7, 2013, to timely respond to the complaint. (Tenenbaum

Decl. ¶ 3; Dkt. No. 5.) Defendants' counsel had not accepted service on behalf of Defendants (and was not authorized to do so) at that time. (Tenenbaum Decl. ¶ 3.)

Plaintiffs were apparently aware that they had not properly effected service, since, as of December 26, 2012, they were still sending process servers to Hudson Valley's farm in New York in an attempt to serve or re-serve some or all of the Defendants. (*Id.* at ¶ 4.) When Defendants' counsel learned of these continued attempts, he examined the proofs of service, discussed the circumstances of the attempted service with his clients, and determined that there were a host of significant defects not only in the proofs but also in the actual manner of service on each Defendant and in the summons itself — such that at least several Defendants had not been properly served. (*Id.*)[1]

### *Defendants' counsel's offer to stipulate to accept service and the parties' stipulation re the time to respond to Plaintiffs' complaint*

Despite the significant defects in Plaintiffs' attempted service of the summons (as noted in footnote 1 below), Defendants' counsel — in the interest of avoiding the delay and expense of litigating motions under FRCP 12(b)(4) and 12(b)(5) over service of process — offered to stipulate to accept service on behalf of all five Defendants as of January 4, 2013, and to have all five respond to the complaint at the same time. (*Id.* at ¶ 5.) The parties so stipulated and indicated that Defendants would have until January 25, 2013, to respond to the complaint, i.e., 21 days from the date on which Defendants'

---

[1] For example, the proofs of service state that the person served as the agent for service of process on behalf of Defendant HVFG LLC was "Obtain Name of Agent." (Dkt. No. 4.) The proofs state that each of the four individual Defendants was served by substitute service under the Federal Rules of Civil Procedure at Hudson Valley's place of business, even though FRCP 4(e) allows substitute service only at a person's "dwelling or usual place of abode." (Dkt. Nos. 4-1, 4-2, 4-3, and 4-4.) The summons that Plaintiffs tried to serve does not name all of the parties as required under FRCP 4(a)(1)(A), instead listing only "HVFG (d/b/a 'Hudson Falley [sic] Foie Gras')" in the caption. (Dkt. No. 2.) The summons is not even directed at each of the five Defendants named in the complaint as required under FRCP 4(a)(1)(B) — and fails to name any of the four individual Defendants. (*Compare* Dkt. No. 2 *with* Dkt. No. 1.)

counsel was deemed to have accepted service. (Dkt. No. 6.)

### *Defendants' counsel's request for an extension of one court day to respond to Plaintiffs' complaint*

On Friday, January 25th, despite having worked diligently to prepare motions responding to the complaint, Defendants' counsel determined that he would not be able to complete his filings by midnight that night insofar as, among other reasons, he was unable to get declarations from his clients by the end of the business day. (Tenenbaum Decl. ¶ 6.) (In addition, Defendants' counsel spent the entire day of January 24th vomiting for the first time in 26 years; he was and is currently working from a hotel thousands of miles from his office; and he had been unable to remotely log into his main computer back home for nearly 24 hours due to technical issues that were not resolved until the evening of January 25th. [*Id.*])

At 1:45 p.m., Defendants' counsel telephoned Ms. Roth to explain his timing issue and to request an extension of just one court day, i.e., until Monday, January 28th, to respond to the complaint. (*Id.* at ¶ 7.) Ms. Roth — who is not only in-house counsel for ALDF and Regal Vegan but is also an ALDF board member — refused to agree to this brief extension but did not articulate any way in which her clients' interests would be prejudiced by it. (*Id.*) When Defendants' counsel continued to explain the reasons for his request, Ms. Roth said she would confer with her co-counsel and get back to him. (*Id.*.) Ms. Roth followed up with an email reiterating Plaintiffs' refusal to agree to this brief extension of one court day, saying it was "unreasonable." (*Id.* & Ex. A.)

At 4:22 p.m., Defendants' counsel emailed Ms. Roth and her co-counsel to further explain the basis for the request for a one-court-day extension and to ask them to reconsider their refusal — especially in light of their obligations under the State Bar's Attorney Civility and Professionalism Guidelines. (*Id.*) Ms. Roth wrote back to say, for the first time, that her organization and Regal Vegan had "alleged harm," which (unspecified) harm they claim to be suffering with each day that goes by. (*Id.*) Plaintiffs

have not sought any form of preliminary relief, and their complaint alleges that the advertising over which they are suing has been going on since 2008. (Compl. ¶ 12.)

## ARGUMENT

Pursuant to Local Rule 6-3(a), Defendants set forth the following:

### A.     The reasons for the requested enlargement of time.

Defendants' counsel accepted service of the complaint on behalf of all five Defendants as of January 4th and has been researching the factual and legal issues in Plaintiffs' 27-page pleading, conferring with his clients, and preparing Defendants' responses with diligence ever since. (Tenenbaum Decl. ¶ 10.) Despite its length, the complaint is fatally defective for many reasons, ranging from Plaintiffs' lack of Article III standing to their failure to state a claim. Defendants intend to move to dismiss the complaint on several grounds under FRCP 12, including lack of personal jurisdiction over the four individuals who live and work for Hudson Valley in New York. (*Id.*) It was in connection with finalizing declarations for these individuals that Defendants' counsel realized on the due date that he would not be able to finish reviewing them with his clients on the East Coast, revise the motion and declarations as necessary, and get signatures back in time to timely file that evening. (*Id.*)

The only reason Defendants must ask this Court for an extension is that Plaintiffs' attorneys refused Defendant's counsel's request for an extension of one court day to allow him to finalize declarations from his clients so that he could complete his preparation of the motions to dismiss. (*Id.* at ¶ 11.) Because this motion to enlarge time has consumed a substantial amount of time itself this weekend, and because Defendants' counsel (a sole practitioner) has briefs to file in three other cases in the next five days (*id.*), Defendants request until next Monday, February 4th, to respond to the complaint in order to provide their counsel sufficient time to complete the motions.

### B.     Defendants' efforts to obtain a stipulation to the time change.

As detailed in the Statement of Relevant Facts above, Defendants' counsel made telephone and email requests to Plaintiff's attorneys for an extension of just one court

day to file Defendants' responses, but Plaintiffs' attorneys refused. (*Id.* at ¶ 12.)

### C. The substantial harm or prejudice that would occur if the Court did not change the time.

Defendants would suffer serious prejudice if the Court did not enlarge the time for their responses to the complaint insofar as it could conceivably subject them to a default or to motions to strike their responses. (*Id.* at ¶ 13.)

### D. Previous time modifications.

As explained above, the parties previously stipulated that Defendants would have until January 7, 2013, to respond to the complaint. (*Id.* at ¶ 14.) When Defendants' counsel learned that some Defendants had not been properly served — and others not served at all — Defendants' counsel offered to accept service on behalf of all Defendants as of January 4, 2013, and to respond to the complaint by January 25, 2013. (*Id.*) There have been no other modifications.

### E. The effect of the time modification on the schedule for the case.

This brief time modification does not alter the date of any event or deadline fixed by Court order and does not in any other way affect the schedule for this case. (*Id.* at ¶ 15.) (The Court has not yet issued a case management order, but a case management conference is set for February 14, 2013.)

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enlarge the time for them to respond to the complaint such that their responses may be timely filed by **February 4, 2013**.

Dated:  January 27, 2013                /s/ Michael Tenenbaum
                                        _____
                                        Michael Tenenbaum, Esq.
                                        THE TENENBAUM LAW FIRM

                                        *Counsel for Defendants HVFG LLC, Marcus Henley, Michael Ginor, Izzy Yanay, and Richard Bishop*

DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND TO COMPLAINT BY 10 DAYS