Michael Tenenbaum, Esq. (No. 186850)
*mt@post.harvard.edu*
THE TENENBAUM LAW FIRM
1431 Ocean Ave., Ste. 400
Santa Monica, CA  90401
Tel    (310) 919-3194
Fax    (310) 919-3727

*Counsel for Defendants HVFG LLC, Marcus Henley,*
*Michael Ginor, Izzy Yanay, and Richard Bishop*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, a California corporation; and REGAL VEGAN, INC., a New York corporation;<br><br>                              Plaintiffs,<br><br>          – against –<br><br>HVFG LLC, a New York limited liability company;<br>MARCUS HENLEY, an individual;<br>MICHAEL GINOR, an individual;<br>IZZY YANAY, an individual; and<br>RICHARD BISHOP, an individual;<br><br>                              Defendants. | Case No. C 12-05809 DMR<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER FRCP 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:          April 4, 2013<br>Time:         8:00 a.m.<br>Place:        Courtroom 8<br><br>Hon. William H. Alsup |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO DISMISS ........................................... 1

STATEMENT OF ISSUES TO BE DECIDED ................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

INTRODUCTION ...................................................................... 1

STATEMENT OF RELEVANT FACTS ....................................................... 3

    The Parties ................................................................... 3

    Plaintiffs' Alleged Injuries .................................................. 5

ARGUMENT .......................................................................... 7

I.    The legal standard for Article III standing requires an actual — not merely conjectural — injury, and the Court need not accept the truth of the plaintiff's conclusory allegations ................................................ 7

II.    Neither Plaintiff can establish the required elements for Article III standing .................................................................... 8

    A.    Neither ALDF nor Regal Vegan has alleged that it is suffering the required injury in fact for Article III standing purposes — nor can it ........................................................................ 8

        1.    ALDF does not sell any food products, and its decision to spend resources trying to spread its views about foie gras production is not the equivalent of lost sales .......................... 9

        2.    Regal Vegan does not allege any lost sales or a reasonable chain of inferences that Hudson Valley's use of the word "humane" is harming Regal Vegan's ability to sell a bean dip to Californians through its website ............................ 10

    B.    Plaintiffs have not alleged that their purported injuries are fairly traceable to Defendants' conduct ................................... 12

    C.    Plaintiffs cannot show that their purported injuries would be redressed by a favorable ruling in this case........................... 13

CONCLUSION ........................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Carrico v. City and County of San Francisco,*
    656 F.3d 1002 (9th Cir. 2011)........................................................................8

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992)........................................................................7, 12, 13

*Simmonds v. Credit Suisse Sec.,*
    638 F.3d 1072 (9th Cir. 2011)........................................................................7

*Simon v. E. Ky. Welfare Rights Org.,*
    426 U.S. 26 (1976)........................................................................12

*Sprint Communications Co., L.P. v. APCC Services, Inc.,*
    554 U.S. 269 (2008)........................................................................13

*Steckman v. Hart Brewing, Inc.,*
    143 F.3d 1293 (9th Cir. 1998)........................................................................8

*TrafficSchool.com, Inc. v. Edriver Inc.,*
    653 F.3d 820 (9th Cir. 2011)........................................................................8

*Warren v. Fox Family Worldwide, Inc.,*
    328 F.3d 1136 (9th Cir. 2003)........................................................................8

*W. Mining Council v. Watt,*
    643 F.2d 618 (9th Cir. 1981)........................................................................8

*Whitmore v. Arkansas,*
    495 U.S. 149 (1990)........................................................................8, 12

**Statutes**

Cal. Civ. Code § 1761 ........................................................................14

**Rules of Court**

Fed. R. Civ. P. 12(b)(1) ........................................................................ *passim*

Article

Carter Dillard, *False Advertising, Animals, and Ethical Consumption*, 10 Animal L. 25 (2004) ............................................................................................2, 9

MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER FRCP 12(b)(1)

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on April 4, 2013, at 8:00 a.m., or as soon thereafter as the matter may be heard before the Hon. William Alsup in Courtroom 8 of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendants HVFG LLC ("Hudson Valley"), Marcus Henley, Michael Ginor, Izzy Yanay, and Richard Bishop (collectively, "Defendants") will and hereby do move to dismiss the complaint of Plaintiffs Animal Legal Defense Fund ("ALDF") and Regal Vegan, Inc. ("Regal Vegan"), without leave to amend.

Defendants' motion seeks an order dismissing this action pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction based on Plaintiffs' lack of Article III standing.

This motion is and will be based upon this Notice of Motion and Motion, upon the following Memorandum of Points and Authorities, upon the Declaration of Michael Tenenbaum and its exhibits, upon a Request for Judicial Notice, upon the complete file and records in this action, and upon such other matters as may be presented to the Court at or before the hearing on the motion.

## STATEMENT OF ISSUES TO BE DECIDED
### (Local Rule 7-4(a)(3))

1.     Should Plaintiffs' lawsuit be dismissed for lack of subject-matter jurisdiction where neither Plaintiff can satisfy a single element required for Article III standing?

## MEMORANDUM OF POINTS AND AUTHORITIES
### INTRODUCTION

This lawsuit is an improper attempt by an animal rights group and the seller of a bean dip to get a federal court to endorse their opinions about foie gras, i.e., the liver of a specially fed and fattened duck or goose.  Plaintiffs believe the production of this USDA-approved poultry product is "inhumane."  Through this lawsuit, they seek an order from this Court enjoining Hudson Valley from referring to its farming practices

as "humane" and ordering Hudson Valley "to inform the public and its customers that their practices are not humane." (Compl. p. 27.)

It should come as no surprise to Plaintiffs that they lack Article III standing to pursue this case. Indeed, ALDF's own counsel of record in this action — its Director of Litigation, Carter Dillard, who signed the complaint — *knows* that his animal rights group lacks standing to bring this lawsuit for false advertising under the Lanham Act. In a journal article a few years ago, he wrote:

> As a general matter, false advertising differs from other animal advocacy cases because *either the consumer or relatively humane competitor is the victim actually protected under the law.*
>
> \* \* \*
>
> As it stands, there is almost no jurisdiction in which a typical consumer (as opposed to a plaintiff who is in some sort of commercial position) can bring a Lanham Act claim. . . . *To the extent that an animal advocacy organization* or simple consumer *wishes to be a party to the action, the Lanham Act is not an option.*

Carter Dillard, *False Advertising, Animals, and Ethical Consumption*, 10 Animal L. 25, 32, 38 (2004) (emphasis added).

ALDF filed this lawsuit nonetheless. ALDF's in-house attorneys and board member are also representing New York-based Regal Vegan. But even Regal Vegan *knows* that it lacks standing because — in its own words — it is not a competitor of Hudson Valley since its bean dip is "[n]ot meant to replace goose or duck liver." (Tenenbaum Decl. ¶ 2 & Ex. A.) These words actually appeared on Regal Vegan's website until shortly before it sued Hudson Valley, by which time Regal Vegan conveniently removed this fatal admission. (*Id.* at ¶ 2.) The Court may fairly ask whether either of the two Plaintiffs has commenced this action in good faith.

Article III of the Constitution requires that a plaintiff have standing in order to proceed with a lawsuit in federal court. Article III standing requires an injury in fact that is caused by the defendant's conduct and that is redressable by the Court. Here,

because neither Plaintiff can establish any of these factors, their complaint should be dismissed for lack of subject-matter jurisdiction.  And, in light of their knowing efforts to maintain a lawsuit that has no potential merit, the Court should not hesitate to dismiss it without leave to amend.

STATEMENT OF RELEVANT FACTS

**The Parties**

*Plaintiff ALDF*

Plaintiff ALDF is an animal activist group that uses the legal system to promote its agenda of preventing what it considers to be animal cruelty.  (Compl. ¶ 11.)  ALDF does not allege that it sells any food product.

*Defendants Hudson Valley and Henley, Ginor, Yanay, and Bishop*

Defendant Hudson Valley is a limited liability company that raises, feeds, and slaughters ducks on its farm in Ferndale, New York.  (Compl. ¶ 12.)  One of the products Hudson Valley produces from its ducks is foie gras.  (*Id.*)  Foie gras is the subject of a federal standard of identity and may not be labeled as such unless it meets that definition.  Foie gras is the liver "obtained exclusively from specially fed and fattened geese and ducks."  (*See* RJN Ex. A [U.S. Dep't Of Agriculture, Food Standards And Labeling Policy Book 57 (2005)].)  To bear the label "foie gras," a product must be "composed of a minimum of 85% goose liver or duck liver foie gras."  (*Id.*)

Plaintiffs recognize that foie gras "is considered a delicacy" and "sells for around $80 a pound."  (Compl. ¶ 2.)  Hudson Valley sells its duck products nationally (primarily to distributors and restaurants) and has a website through which consumers are able to purchase its products for direct shipment.  (Compl. ¶ 12.)

Defendants Henley, Ginor, Yanay, and Bishop are affiliated with Hudson Valley in various capacities.  Henley is the Operations Manager; Ginor is a member-manager and President; Yanay is a member-manager and Vice-President; and Bishop was the Marketing Director.  (Compl. ¶¶ 13-16.)

*Plaintiff Regal Vegan*

Regal Vegan is a "commercial enterprise" in Brooklyn, New York. (Compl. ¶ 10.) It does not allege that it sells foie gras or any other form of duck liver. In fact, it does not allege that it sells any product of a duck or other animal. Rather, it makes a product that its complaint describes only as "made from all natural, whole food, plant-based ingredients" and that "does not contain nor use any animal products in its production." (Compl. ¶ 10.) Taking advantage of most Americans' unfamiliarity with the spelling and pronunciation of French words — and its similarity in sound to foie gras — Regal Vegan calls its product "Faux Gras," which does not actually mean anything in French but which translates literally to "False Fat." (Tenenbaum Decl. ¶ 3.)

Regal Vegan's "Faux Gras" is only sold in stores in New York, Colorado, and the District of Columbia. (Compl. ¶¶ 4, 10.) Otherwise, it is sold at farmers markets in New York and is available for purchase through Regal Vegan's website. (*Id.*) Regal Vegan began selling "Faux Gras" in 2009. (Tenenbaum Decl. ¶ 4 & Ex. B.)

Although Plaintiffs' 27-page complaint curiously omits a more specific description of it, the ingredients in "Faux Gras" are identified on Regal Vegan's website. "Faux Gras" is made primarily of lentils, onions, and walnuts. (Tenenbaum Decl. ¶ 5 & Ex. C.)[1] It also includes "organic miso, organic gluten-free tamari, mirin (Japanese rice wine), ume plum vinegar, extra virgin olive oil, sea salt, [and] pepper." (*Id.*) While a product may be labeled as foie gras only if it is composed of at least 85% liver from a specially fed and fattened duck (RJN Ex. A), Regal Vegan's "Faux Gras"

---

[1] "[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988). Here, the complaint makes at least two references to Regal Vegan's website, so Defendants adduce additional statements from Regal Vegan's website that Plaintiffs strategically elected not to include in their complaint.

1    contains 0% of such liver.  "Faux Gras" sells for $7.99 for an 8-oz. container.

2    (Tenenbaum Decl. ¶ 6 & Ex. D.)

3          In spite of this, Regal Vegan alleges in conclusory terms that its "Faux Gras" is

4    "a competing product" to Hudson Valley's foie gras.  (Compl. ¶ 4.)  In its complaint

5    filed on November 13, 2012, Plaintiffs allege that "Regal Vegan's customers purchase

6    Faux Gras as a humane alternative to force-fed foie gras."  (Compl. ¶ 10.)  Yet just

7    months before filing this lawsuit, Regal Vegan was stating on its website that "Faux

8    Gras" is "[n]ot meant to replace goose or duck liver."  (Tenenbaum Decl. ¶ 2 & Ex. A.)

9    **Plaintiffs' Alleged Injuries**

10         *Plaintiff ALDF*

11         ALDF does not allege that it sells any food product, let alone that it is a

12   competitor of Hudson Valley.  Nonetheless, ALDF claims it has been "harmed" by

13   Hudson Valley's reference to itself as "The Humane Choice."  ALDF alleges that:

14         (a)    it "has expended substantial organizational resources to educate the public

15   about the animal welfare and health consequences of . . . foie gras production" and its

16   "communications department has spent significant resources raising awareness about

17   the poor living conditions for ducks being raised for foie gras" (Compl. ¶¶ 5, 11, 116);

18         (b)    its "efforts to educate the public about farm conditions and to end cruel

19   farming practices have been frustrated by defendants' unlawful encouragement of such

20   practices" (Compl. ¶¶ 5, 118);

21         (c)    it "has drafted press releases and initiated letter-writing campaigns to

22   oppose force-feeding in ducks raised for foie gras" (Compl. ¶ 5);

23         (d)    it "has also spent extensive time and resources gathering information

24   about foie gras production through public records requests to federal and state

25   authorities" (*id.*);

26         (e)    its attorneys "have spent many hours collecting expert testimony and

27   researching the law in relation to foie gras production" (*id.*); and

28

1    (f)    it "has also written letters to the California Attorney General and the

2    Better Business Bureau asking for false advertising actions against foie gras producers

3    who claim their products are humane" (Compl. ¶¶ 5, 117).

4    ALDF claims that each of these voluntary activities on its part has injured it by

5    "consuming organizational resources that could have been spent on other projects and

6    outreach campaigns" and that it "could have avoided these expenditures if defendant

7    had not advertised its foie gras product as 'humane' when it is not."  (Compl. ¶¶ 5, 11.)

8    *Plaintiff Regal Vegan*

9    Regal Vegan alleges that it "is injured from defendants' claim that its [sic] foie

10    gras product is 'humane'."  (Compl. ¶ 10.)  It claims that "[s]ome consumers of force-

11    fed foie gras are unfamiliar with the cruelty involved in its production, and many more

12    are misled by the defendants' false and misleading advertising."  (*Id.*)  Regal Vegan then

13    claims that "[t]his misconception encourages consumers to purchase force-fed foie gras

14    instead of Regal Vegan's cruelty-free product."  (*Id.*)

15    Regal Vegan makes the conclusory allegations that it is "directly disadvantaged

16    as  a result of defendants' '[T]he Humane Choice' advertising" and that "[t]he market

17    for Faux Gras is adversely affected by the availability of force-fed foie gras."  (*Id.*)  Like

18    ALDF, Regal Vegan also alleges that it "must invest resources educating  consumers

19    about the cruelty involved in force-fed foie gras."  (*Id.*)  Regal Vegan further alleges that

20    Hudson Valley's "The Humane Choice" slogan harms it in two different ways:

21    (1)    "because consumers who care about buying humane products will buy

22    defendants' product when, if they knew defendants' product was not humane, would be

23    more likely to purchase plaintiff Regal Vegan's Faux Gras product instead" (Compl.

24    ¶ 114); and

25    (2)    "because it lessens the goodwill associated with humanely produced

26    products, including Faux Gras" (Compl. ¶ 115).

27

28

Regal Vegan says it "would like to sell more of its product nationwide, including California." (Compl. ¶ 4.) Presumably referring to its founder, it alleges that "she is not able to compete as well in the marketplace due to defendants' false and misleading advertising and anti-competitive behavior." (*Id.*) In similarly conclusory terms, Regal Vegan alleges that "Defendants' actions harm Regal Vegan and her injuries would be redressable by a favorable ruling by this court." (*Id.*)

Apart from these conclusory allegations, the complaint is devoid of any allegations as to how Hudson Valley's use of "The Humane Choice" as a slogan on its website, Facebook, and Twitter pages to sell foie gras is causing or reasonably threatening to cause Regal Vegan to lose sales of its lentil, walnut, and onion dip.

# ARGUMENT

## I.   The legal standard for Article III standing requires an actual — not merely conjectural — injury, and the Court need not accept the truth of the plaintiff's conclusory allegations.

Lack of Article III standing requires dismissal for lack of subject-matter jurisdiction under FRCP 12(b)(1). *Simmonds v. Credit Suisse Sec.*, 638 F.3d 1072, 1082 (9th Cir. 2011). Article III standing requires the demonstration of three elements:

(1)   plaintiff suffered an "injury in fact" that is concrete and particularized and actual or imminent, not conjectural or hypothetical;

(2)   the injury is fairly traceable to the challenged action of defendant; and

(3)   it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). For purposes of ruling on a motion to dismiss for lack of standing, all material allegations of the complaint are ordinarily accepted as true and the complaint construed in favor of the complaining party.

However, as the Ninth Circuit has said, "we are not required to accept as true conclusory allegations which are contradicted by documents referred to in the

complaint," *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998), and "[w]e do not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In either event, Plaintiffs "must clearly and specifically set forth facts sufficient to satisfy these Art. III standing requirements." *Whitmore v. Arkansas*, 495 U.S. 149, 156 (1990).

## II.   Neither Plaintiff can establish the required elements for Article III standing.

ALDF has no cognizable competitive injury, let alone one that is fairly traceable to Defendant's conduct. In addition, Regal Vegan's claim that the use of the word "humane" in Hudson Valley's slogan is what is responsible for Regal Vegan's inability to achieve an unspecified potential increase in California sales is pure speculation. By its own pre-filing admission, Regal Vegan does not sell a competing foie gras product.

### A.   Neither ALDF nor Regal Vegan has alleged that it is suffering the required injury in fact for Article III standing purposes — nor can it.

To establish an injury in fact, a plaintiff must show that it has suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1005 (9th Cir. 2011). In false advertising cases, the Ninth Circuit has held that "a plaintiff establishes Article III injury if some consumers who bought the defendant['s] product under [a] mistaken belief fostered by the defendant would have otherwise bought the plaintiff['s] product." *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 825 (9th Cir. 2011) (internal quotations omitted). Thus, in order to have an injury-in-fact sufficient to bring this lawsuit, Plaintiffs must clearly and specifically set forth facts to show that consumers who bought Hudson Valley's foie gras under a mistaken belief fostered by Defendants that it was humane

would have otherwise bought either some product sold by ALDF or Regal Vegan's "Faux Gras."

"Evidence of direct competition is strong proof that plaintiffs have a stake in the outcome of the suit, so their injury isn't 'conjectural' or 'hypothetical.'" *TrafficSchool.com, Inc.*, 653 F.3d at 825-26 (finding direct competition where websites partnered with same third-party vendors). Otherwise, the "plaintiff who can't point to lost sales data" may establish an injury "by creating a chain of inferences showing how defendant's false advertising could harm plaintiff's business." *Id.* at 825.

## 1. ALDF does not sell any food products, and its decision to spend resources trying to spread its views about foie gras production is not the equivalent of lost sales.

Under the Ninth Circuit's standard, ALDF cannot establish a cognizable injury in fact for purposes of Article III. That is because ALDF does not allege that it even sells any food products, let alone a competing brand of foie gras. Rather, ALDF is an animal activist group that, by its own allegation, exists to file lawsuits to prevent what it believes to be animal cruelty. ALDF's only claimed injuries are its own optional expenditure of some of its organizational resources to spread its views about foie gras and the alleged frustration of its efforts whenever it sees Hudson Valley refer to itself with the word "humane." (Compl. ¶¶ 5, 116-18.) Such purported "injuries" do not even come close to satisfying the *TrafficSchool.com* requirement for Article III standing in a false advertising case.

That ALDF lacks standing to bring a false advertising lawsuit as an animal rights group will not even be news to its counsel in this case, as one of them already knows that — to use his words — "false advertising differs from other animal advocacy cases *because either the consumer or relatively humane competitor is the victim actually protected under the law.*" Carter Dillard, *False Advertising, Animals, and Ethical Consumption*, 10 Animal L. 25, 32 (2004) (emphasis added). Because Plaintiffs cannot allege that ALDF has suffered a requisite injury in fact, its complaint should be dismissed without leave to amend.

- 9 -

2.  **Regal Vegan does not allege any lost sales or a reasonable chain of inferences that Hudson Valley's use of the word "humane" is harming Regal Vegan's ability to sell a bean dip to Californians through its website.**

Unlike ALDF, Regal Vegan at least sells a food product, i.e., the lentil, walnut, and onion dip it misleading calls "Faux Gras." Yet it cannot allege that it has suffered an injury-in-fact sufficient to give rise to Article III standing. In the first place, despite alleging that Hudson Valley has been referring to itself as "humane" since 2008 — and despite Regal Vegan's website claim that it began selling "Faux Gras" in 2009 — Regal Vegan nowhere alleges that it has actually lost *any* sales to Hudson Valley over the past three to four years. The closest it comes is its allegation that "Regal Vegan would like to sell more of its product nationwide, including California." (Compl. ¶ 4.)

Plaintiffs' complaint does make broad and conclusory allegations that some consumers are encouraged to purchase foie gras instead of Faux Gras, and that if they only "knew defendants' product was not humane," they "would be more likely to purchase plaintiff's product. (Compl. ¶ 114.) But Plaintiffs do not allege any specific facts that could lead the Court to conclude that any of Hudson Valley's customers would otherwise choose to purchase "Faux Gras" as a replacement good. If Plaintiffs' naked assertions were sufficient to confer constitutional standing on a plaintiff in a false advertising case, then any seller of a product for human consumption would have standing to sue a seller of any other food product.

Here, notwithstanding Plaintiffs' claim that Regal Vegan somehow competes with Defendants' foie gras, it is clear that foie gras and "Faux Gras" are entirely dissimilar products. In the first place, they do not have a single ingredient in common. Foie gras is the liver of a specially fed and fattened duck, and USDA labeling standards require products identified as foie gras to be composed of at least 85% of such liver. *See* RJN Ex. A [U.S. Dep't Of Agriculture, Food Standards And Labeling Policy Book 57 (2005)]. Second, Regal Vegan does not label its product as foie gras (nor could it lawfully do so), and its "Faux Gras" does not contain any foie gras — or even any duck

or liver, for that matter.  As Plaintiffs acknowledge, "Faux Gras" is made from plant-based ingredients, and without the use of animal products. (Compl. ¶¶ 4, 10.)  Though Plaintiffs left the actual ingredients out of their complaint, "Faux Gras" is made primarily from lentils, walnuts, and onions.  (Tenenbaum Decl. ¶ 5 & Ex. C.)

Tellingly, Plaintiffs do not even allege that Regal Vegan's "Faux Gras" tastes anything like Hudson Valley's foie gras or that it is what economists refer to as a substitute good, where consumers purchase the products almost interchangeably depending on the price and availability.  As Plaintiffs allege, foie gras "is considered a culinary delicacy, and sells for around $80 a pound." (Compl. ¶ 2.)  Plaintiffs never refer to their own product as a delicacy.  Indeed, while Plaintiffs omitted the price of Regal Vegan's product from their complaint, it sells for $7.99 for an 8-oz. container — less than one-fifth the price.  (Tenenbaum Decl. ¶ 6 & Ex. D.)  "Faux gras" competes with foie gras only in the same way that carrot juice competes with Dom Pérignon.

Finally — and most fatal to Plaintiffs' alleged standing — is Regal Vegan's own pre-lawsuit admission that it is *"[n]ot meant to replace goose or duck liver."* (Tenenbaum Decl. ¶ 2 & Ex. A.)  This statement appeared on Regal Vegan's website until at least May 2012 but was removed at some point before the commencement of this lawsuit.  (*Id.* at ¶ 2.)  Why?  Because it demonstrates in words from Regal Vegan's own mouth that even it knows that its lentil bean dip is not a substitute for Hudson Valley's foie gras — and that Regan Vegan is not suffering any cognizable injury at all.

Given these facts, Plaintiffs cannot show a realistic chain of inferences that would lead a reasonable person to conclude that consumers of Hudson Valley's foie gras would be running out to purchase Regal Vegan's bean dip  — as opposed to just about anything else one might eat with bread — because they are somehow being lied to when Hudson Valley refers to itself as humane.  In other words, Regal Vegan's alleged injury is not "concrete and particularized and actual," as opposed to conjectural or hypothetical.  Because Plaintiffs cannot establish that Regal Vegan is suffering any kind

of injury in fact required for Article III standing, its complaint should be dismissed without leave to amend.

## B. Plaintiffs have not alleged that their purported injuries are fairly traceable to Defendants' conduct.

Even assuming Plaintiffs could somehow establish satisfactory injuries-in-fact, there is no possibility of either one of them satisfying the causation element required for Article III standing. To do so, Plaintiffs must clearly and specifically set forth facts sufficient to show that they each suffered an injury that is "'fairly . . . trace[able] to the challenged action of the defendant.'" *Lujan*, 504 U.S. at 561 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)).

One of the fundamental flaws of Plaintiffs' complaint is its failure to plead any sort of causation between Plaintiffs' alleged "injuries" and Defendants' alleged actions with any sort specificity. As the Supreme Court has stated, "A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 495 U.S. at 155-56. Here, while Plaintiffs have made several conclusory allegations that their alleged injuries were caused by Defendants' advertising, they have failed to allege any actual facts supporting such a statement. The Court would have to make enormous leaps to conclude from such allegations that causation actually exists.

Plaintiffs make only conclusory statements as to any causal link between Regal Vegan's purported "injuries" and Defendants. As discussed above, Hudson Valley's foie gras does not compete even minimally with "Faux Gras." Further, although Plaintiffs also state that Regal Vegan "must" expend resources "educating the public," it has not stated any facts indicating how either Hudson Valley or the individual Defendants are forcing Regal Vegan to expend its own resources "educating" people. As with ALDF, Defendants have no control over how Regal Vegan chooses to expend its own resources. Based on these facts, Plaintiffs have not alleged and cannot show that any of their purported "injuries" are traceable at all to Defendants' use of the term

"humane," let alone "fairly traceable" to it.  Both Plaintiffs thus fail to establish the second element of Article III standing.

### C.   Plaintiffs cannot show that their purported injuries would be redressed by a favorable ruling in this case.

Because Plaintiffs fail to satisfy the first two elements for Article III standing, there is no need for the Court to even reach the issue of redressability.  Even assuming it did, the Court would have to conclude that that neither Plaintiff can satisfy this requirement either.  To do so, Plaintiffs must "clearly and specifically" allege facts sufficient to show that it is likely — rather than merely speculative — "that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit."  *Sprint Communications Co., L.P. v. APCC Services, Inc.*, 554 U.S. 269, 273-74 (2008) (citing *Lujan*, 504 U.S. at 560-61).

Plaintiffs' lawsuit ask this Court to remedy their purported "injuries" by "[o]rdering [D]efendants to remove any references to "humane" practices in their advertising materials" and by "[o]rdering [D]efendants to take corrective action to inform the public and its customers that their practices are not humane."  (Compl. at p. 27.)  Plaintiffs also seek unspecified monetary damages and attorneys fees.  (*Id.*)  Yet Plaintiffs make only the barest conclusory allegations that their alleged injuries "would be redressed by a favorable ruling by this court."  (Compl. ¶¶ 4-5.)  It is not at all clear why Plaintiffs believe that their purported injuries would be redressed by these remedies.

As Regal Vegan alleges, "The market for Faux Gras is adversely affected by *the availability* of force-fed foie gras."  (Compl. ¶ 10 [emphasis added].)  And therein lies Plaintiffs' true grievance.  An order from this Court that Hudson Valley and the four individual Defendants never again refer to their product as "humane" — even assuming such an order did not infringe their free speech rights on this essential matter of opinion — would not make foie gras go away.  Even if a court order removed the word "humane" from Hudson Valley's website, Facebook, and Twitter pages, it would do

nothing to silence the vigorous public debate over foie gras, in which some will view it as humane and others as inhumane, just as some will find it delicious and others not. *See, e.g.,* Rachael Myrow, *Chefs Fight California's Foie Gras Ban*, available at http://www.npr.org/2012/05/11/152480811/chefs-fight-californias-foie-gras-ban (last visited Feb. 4, 2013).  Plaintiffs would be in much the same place they are today, that is, bothered by a farmer expressing a different opinion of its animal husbandry practices than Plaintiffs have — but still without a cognizable injury to redress.

In any event, ALDF has not alleged that an injunction against Hudson Valley would mean that ALDF would stop spending money trying to "educate" the public about foie gras production.  Even if Regal Vegan were granted all of the remedies it seeks, Plaintiffs have not shown that Hudson Valley's customers of an $80 per pound duck liver delicacy would switch to Regal Vegan's bean dip (as opposed to another producer of foie gras or to some other duck or liver product).  Other than to speculate, Plaintiffs thus fail to satisfy this last prong of the Article III standing test as well.

## CONCLUSION

Because Plaintiffs cannot establish any of the elements required for Article III standing, their case should be dismissed without leave to amend.


Dated:  February 4, 2013                    /s/ Michael Tenenbaum

                                             _____

                                             Michael Tenenbaum, Esq.
                                             THE TENENBAUM LAW FIRM
                                             *Counsel for Defendants HVFG LLC,*
                                             *Marcus Henley, Michael Ginor, Izzy*
                                             *Yanay, and Richard Bishop*