Michael Tenenbaum, Esq. (No. 186850)
*mt@post.harvard.edu*
THE TENENBAUM LAW FIRM
1431 Ocean Ave., Ste. 400
Santa Monica, CA 90401
Tel    (310) 919-3194
Fax    (310) 919-3727

*Counsel for Defendants HVFG LLC, Marcus Henley,*
*Michael Ginor, Izzy Yanay, and Richard Bishop*

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, a California corporation; and REGAL VEGAN, INC., a New York corporation; <br><br> Plaintiffs, <br><br> – against – <br><br> HVFG LLC, a New York limited liability company; MARCUS HENLEY, an individual; MICHAEL GINOR, an individual; IZZY YANAY, an individual; and RICHARD BISHOP, an individual; <br><br> Defendants. | Case No. C 12-05809 WHA <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:        April 4, 2013 <br> Time:       11:00 a.m. <br> Place:      Courtroom 8 <br><br> Hon. William H. Alsup |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO DISMISS ........................................... 1

STATEMENT OF ISSUES TO BE DECIDED ............................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................... 2

PREFATORY NOTE ..................................................................... 2

SUMMARY OF MOTION ................................................................ 3

STATEMENT OF RELEVANT FACTS .................................................. 4

    The Parties ............................................................................ 4

    Plaintiffs' Alleged Injuries ........................................................... 6

ARGUMENT ............................................................................... 8

I.    The legal standard on a motion to dismiss under FRCP 12(b)(6) requires
more than speculation or conclusory allegations for Plaintiffs to avoid
dismissal ................................................................................. 8

II.    Plaintiffs' Lanham Act claim should be dismissed because neither
Plaintiff can establish the requirements for statutory standing ...................... 8

    A.    Lanham Act standing for false advertising requires that a plaintiff
directly compete in the same market with a defendant for the same
consumers seeking the same goods or services ..................................... 8

    B.    Neither Plaintiff can satisfy the "competitive injury" prong of the
Lanham Act standing test ............................................................. 10

        1.    ALDF cannot satisfy the Lanham Act's statutory standing
requirements because it does not compete with Hudson
Valley ............................................................................... 10

        2.    Regal Vegan cannot satisfy the Lanham Act's statutory
standing requirements because its unidentified plant-based
"food product" is not in the same market as Hudson
Valley's foie gras ................................................................. 11

            a.    Even taking the allegations in their complaint as true,
Regal Vegan's "food product" is not foie gras and
cannot be said to directly compete with Hudson
Valley's foie gras ............................................................. 12

3.   Neither Plaintiff has Lanham Act standing to sue the
individual Defendants ...................................................... 14

C.   Plaintiffs' Lanham Act claim should be dismissed without leave to
amend on standing grounds alone ........................................... 14

III.   Plaintiffs cannot state a claim for false advertising based on Defendants'
reference to Hudson Valley as "The Humane Choice" because such a
highly subjective and general expression of opinion is not actionable
under the Lanham Act ............................................................... 15

A.   The Lanham Act requires a "specific and measurable claim,
capable of being proved false or reasonably interpreted as a
statement of objective fact" ................................................ 15

B.   Hudson Valley's slogan that it is "The Humane Choice" is not a
"specific and measurable claim, capable of being proved false or
reasonably interpreted as a statement of objective fact" .................... 16

C.   If anything, a slogan that a company is "The Humane Choice" is
the kind of general claim that amounts to puffery ........................... 19

CONCLUSION .................................................................. 22

- ii -

# TABLE OF AUTHORITIES

**Cases**

*Aetna Life Ins. Co. v. Alla Medical Services, Inc.,*
 855 F.2d 1470 (9th Cir. 1988)..........................................................................2

*American Italian Pasta Co. v. New World Pasta Co.,*
 371 F.3d 387 (8th Cir. 2004)..........................................................................18

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009)............................................................................... *passim*

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,*
 459 U.S. 519 (1983)........................................................................................8

*Atari Corp. v. 3DO Co.,*
 1994 WL 723601 (N.D. Cal. May 16, 1994)....................................................21

*Autodesk, Inc. v. Dassault Systemes SolidWorks Corp.,*
 2008 WL 6742224 (N.D. Cal. Dec. 18, 2008)...........................................21, 22

*Barket v. Clarke,*
 2012 WL 2499359 (D. Nev. Jun. 26, 2012) ....................................................18

*Bechtel v. Liberty Nat'l Bank,*
 534 F.2d 1335 (9th Cir. 1976)..........................................................................2

*Bell Atlantic Corp. v. Twombly,*
 550 U.S. 554 (2007)............................................................................... *passim*

*Brosnan v. Tradeline Solutions, Inc.,*
 681 F.Supp.2d 1094 (N.D. Cal. 2010).......................................................9, 13

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.,*
 173 F.3d 725 (9th Cir. 1999)......................................................................16, 18

*Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.,*
 911 F.2d 242 (9th Cir. 1990).......................................................................20, 21

*Halicki v. United Artists Communications, Inc.,*
 812 F.2d 1213 (9th Cir. 1987)..........................................................................9

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(b)(6)

*Interserve, Inc. v. Fusion Garage PTE. LTD.*,
       2010 WL 3339520 (N.D. Cal. Aug. 24, 2010) ............................................. 14

*Jack Russell Terrier Network of N. Cal.v. Am. Kennel Club, Inc.*,
       407 F.3d 1027 (9th Cir. 2005)........................................................................ 9

*Jurin v. Google Inc.*,
       768 F.Supp.2d 1064 (E.D. Cal. 2011)........................................................ 12

*Kennedy v. Lehman Bros. Bank, FSB*,
       2013 WL 603070 (9th Cir. Feb. 19, 2013) ................................................. 14

*Kournikova v. General Media Communs., Inc.*,
       278 F.Supp.2d 1111 (C.D. Cal. 2003) ........................................................ 12

*Kwan Software Engineering, Inc. v. Foray Technologies, LLC*,
       2013 WL 244999 (N.D. Cal. Jan. 22, 2013)............................................... 16

*Newcal Indus., Inc. v. Ikon Office Solution*,
       513 F.3d 1038 (9th Cir. 2008).............................................................20, 22

*Parks Sch. of Bus. v. Symington*,
       51 F.3d 1480 (9th Cir. 1995)........................................................................ 8

*People for Ethical Treatment of Animals v. Bobby Berosini, Ltd.*,
       111 Nev. 615, 895 P.2d 1269 (1995) .....................................................18-19

*Pizza Hut, Inc. v. Papa John's Intern., Inc.*,
       227 F.3d 489 (5th Cir. 2000)...................................................................... 17

*Red v. The Kroger Co.*,
       2010 WL 4262037 (C.D. Cal. Sep. 2, 2010)............................................... 14

*Sensible Foods, LLC v. World Gourmet, Inc.*,
       2011 WL 5244716 (N.D. Cal. Nov. 3, 2011) ............................................. 17

*Sensible Foods, LLC v. World Gourmet, Inc.*,
       2012 WL 566304 (N.D. Cal. Feb. 21, 2012) .............................................. 20

*Skydive Arizona, Inc. v. Quattrocchi*,
       673 F.3d 1105 (9th Cir. 2012)...................................................................... 16

*Southland Sod Farms v. Stover Seed Co.*,
   108 F.3d 1134 (9th Cir. 1997)................................................................16

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001)...................................................................8

*Sun Microsystems Inc. v. Hynix Semiconductor Inc.*,
   534 F.Supp.2d 1101 (N.D. Cal. 2007)......................................................2

*TrafficSchool.com, Inc. v. Edriver Inc.*,
   653 F.3d 820 (9th Cir. 2011)...................................................................9

*Vitt v. Apple Computer, Inc.*,
   469 Fed.Appx. 605 (9th Cir. 2012)..........................................................21

**Statutes**

15 U.S.C. §1125(a)(1)..............................................................................16

15 U.S.C. § 1125(a)(1)(B) .........................................................................9

**Rules of Court**

Fed. R. Civ. P. 12(b)(1)....................................................................2, 3, 4

Fed. R. Civ. P. 12(b)(6) ................................................................. *passim*

**Article**

Carter Dillard, *False Advertising, Animals, and Ethical Consumption*, 10
Animal L. 25 (2004) ................................................................................10

## NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE that on April 4, 2013, at 11:00 a.m., or as soon thereafter as the matter may be heard before the Hon. William Alsup in Courtroom 8 of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendants HVFG LLC ("Hudson Valley"), Marcus Henley, Michael Ginor, Izzy Yanay, and Richard Bishop (collectively, "Defendants") will and hereby do move to dismiss the complaint of Plaintiffs Animal Legal Defense Fund ("ALDF") and Regal Vegan, Inc. ("Regal Vegan"), without leave to amend.

Defendants seek an order dismissing this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, notably because Plaintiffs lack statutory standing to bring a claim for false advertising and because Defendants' reference to Hudson Valley's products as "The Humane Choice" is not actionable as a false statement of fact or otherwise under the Lanham Act.

This motion is and will be based upon this Notice of Motion and Motion, upon the following Memorandum of Points and Authorities, upon the complete file and records in this action, and upon such other matters as may be presented to the Court at or before the hearing on the motion.

## STATEMENT OF ISSUES TO BE DECIDED
### (Local Rule 7-4(a)(3))

1.     Should Plaintiffs' lawsuit be dismissed for failure to state a claim upon which relief can be granted where neither of the Plaintiffs — an animal rights group and a seller of an unidentified food product made from plant-based ingredients — has alleged a directly competitive injury sufficient to confer statutory standing to sue a producer of foie gras under the Lanham Act?

2.     Should Plaintiffs' lawsuit be dismissed for failure to state a claim upon which relief can be granted under the Lanham Act where the allegedly false advertising — Defendants' reference to Hudson Valley's products as "The Humane Choice" — is

- 1 -

not based on a quantifiable or absolute statement of fact but, rather, on a general and highly subjective statement of opinion?

## MEMORANDUM OF POINTS AND AUTHORITIES

### PREFATORY NOTE

Defendants have filed a separate motion to dismiss this entire action under FRCP 12(b)(1) for lack of subject-matter jurisdiction based on both Plaintiffs' lack of Article III standing.  (ECF Dkt. No. 22.)  That motion argues that neither of the two Plaintiffs has suffered the kind of injury in fact necessary to establish constitutional standing in order to bring a false advertising lawsuit in federal court — let alone an injury that is fairly traceable to Defendants or that an injunction from this Court could redress.  That motion is set for hearing on April 4, 2013, at 11:00 a.m.

In the interest of judicial economy, and in the spirit of the Court's comments at the recent case management conference, Defendants submit this motion to dismiss for failure to state a claim under FRCP 12(b)(6) to be heard on the same date in the event that their FRCP 12(b)(1) motion is for any reason not granted in full.[1]  "[T]he Ninth Circuit allows a motion under Rule 12(b) to be filed any time before the responsive pleading is filed," and where a motion under FRCP 12(b) is noticed for hearing concurrently with another motion to dismiss, nothing prevents a court in its discretion from permitting a party to expand the grounds of its motion well in advance of the hearing.  *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 534 F.Supp.2d 1101, 1118-19 (N.D. Cal. 2007), citing *Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988), and *Bechtel v. Liberty Nat'l Bank*, 534 F.2d 1335, 1341 n.8 (9th Cir. 1976).[2]

---

[1]    Contrary to the representation of Plaintiffs' counsel at the case management conference, Defendants' FRCP 12(b)(1) motion is directed at *both* Plaintiffs and will, if granted, dispose of this entire action.

[2]    A motion to dismiss for lack of statutory standing is properly brought under FRCP 12(b)(6), while a motion to dismiss for lack of Article III standing goes to the Court's subject-matter jurisdiction and is properly brought under FRCP 12(b)(1).  *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

This motion is being filed 35 days in advance of the April 4th hearing so as to provide Plaintiffs the full period of notice required under Civil L.R. 7-2(a).

## SUMMARY OF MOTION

As noted in connection with Defendants' motion to dismiss under FRCP 12(b)(1), this lawsuit is an improper attempt by an animal rights group and the seller of a lentil bean dip to get a federal court to endorse their opinions about foie gras, i.e., the liver of a specially fed and fattened duck or goose.  Plaintiffs believe the production of this USDA-approved poultry product is "inhumane."  Through this lawsuit, they seek an order from this Court enjoining Defendants from referring to Hudson Valley's farming practices as "humane" and ordering Hudson Valley and the four individual Defendants "to inform the public and its customers that their practices are not humane."  (Compl. p. 27.)

In this motion to dismiss under FRCP 12(b)(6), Defendants demonstrate that neither ALDF nor Regal Vegan even has standing to bring such a claim for false advertising under the Lanham Act.  ALDF is an animal rights group that, by its own allegation, exists to file lawsuits concerning animals.  It therefore cannot allege that it competes with Hudson Valley (let alone with any of the four individual Defendants) in the sale of foie gras.  As for Regal Vegan, while it is at least in the business of selling something that people eat, it cannot allege that it is a direct competitor, and it fails to allege — because it cannot truthfully allege — that it is selling foie gras, as opposed to a very different plant-based product.  Accordingly, unlike an actual competitor (e.g., a competing foie gras seller), both Plaintiffs lack standing under the Lanham Act to bring a claim for false advertising.

Moreover, even if either Plaintiff were found to have standing, this lawsuit should be dismissed without leave to amend because the statement that Plaintiffs believe is untrue — Hudson Valley's slogan referring to itself as "The Humane Choice" — is not actionable as false advertising under the Lanham Act.  As this Court and others have recognized, such a statement is not based on a quantifiable or absolute statement

of fact but, rather, on a general and highly subjective statement of opinion.  It is not capable of proof as true or false, and it does not contain the kind of detailed or specific factual assertions necessary to state a false advertising claim.  While animal rights groups like ALDF may believe that foie gras production "can never be humane" (Compl. ¶ 1) and that a product like "Faux Gras" that does not contain any animal products of any kind "thus is undoubtedly humane" (Compl. ¶ 4), this only demonstrates that a courtroom is not the place to pretend to settle millennia-old philosophical debates about raising animals for food.

STATEMENT OF RELEVANT FACTS[3]

## The Parties

### Plaintiff ALDF

Plaintiff ALDF is an animal activist group that uses the legal system to promote its agenda of preventing what it considers to be animal cruelty.  (Compl. ¶ 11.)  ALDF does not allege that it sells any food product.

### Defendants Hudson Valley and Henley, Ginor, Yanay, and Bishop

Defendant Hudson Valley is a limited liability company that raises, feeds, and slaughters Moulard ducks on its farm in Ferndale, New York.  (Compl. ¶ 12.)  One of the products Hudson Valley produces from its ducks is foie gras.  (*Id.*)  Foie gras is the subject of a federal standard of identity and may not be labeled as such unless it meets that definition.  Foie gras is the liver "obtained exclusively from specially fed and fattened geese and ducks."  (*See* Defendants' RJN Ex. A [ECF Dkt. No. 22-1] U.S. Dep't Of Agriculture, Food Standards And Labeling Policy Book 57 [2005].)  To bear the label "foie gras," a product must be "composed of a minimum of 85% goose liver or duck liver foie gras."  (*Id.*)

---

[3]     This Statement of Relevant Facts is largely similar to that included in Defendants' Motion to Dismiss for Lack of Subject-Matter under FRCP 12(b)(1) [ECF Dkt. No. 22] but, because a court generally may not consider extrinsic evidence on a motion under FRCP 12(b)(6), this Statement of Relevant Facts omits reference to such evidence.

Plaintiffs recognize that foie gras "is considered a delicacy" and "sells for around $80 a pound." (Compl. ¶ 2.) Hudson Valley sells its duck products nationally (primarily to distributors and restaurants) and has a website through which consumers are able to purchase its products for direct shipment. (Compl. ¶ 12.)

Defendants Henley, Ginor, Yanay, and Bishop are affiliated with Hudson Valley in various capacities. Henley is the Operations Manager; Ginor is a member-manager and President; Yanay is a member-manager and Vice-President; and Bishop was the Marketing Director. (Compl. ¶¶ 13-16.)

### Plaintiff Regal Vegan

Regal Vegan is a "commercial enterprise" in Brooklyn, New York. (Compl. ¶ 10.) It does not allege that it sells foie gras or any other form of duck liver. In fact, it does not allege that it sells any product of a duck or other animal. Rather, it makes a product that its complaint describes only as "made from all natural, whole food, plant-based ingredients" and that "does not contain nor use any animal products in its production." (Compl. ¶ 10.) Taking advantage of most Americans' unfamiliarity with the spelling and pronunciation of French words — and the similarity in sound to foie gras — Regal Vegan calls its product "Faux Gras." (Compl. ¶ 4.)

Regal Vegan alleges in conclusory terms that its "Faux Gras" is "a competing product" to Hudson Valley's foie gras and that "Regal Vegan's customers purchase Faux Gras as a humane alternative to force-fed foie gras." (Compl. ¶¶ 4, 10.) Regal Vegan's "Faux Gras" is only sold in stores in New York, Colorado, and the District of Columbia. (Compl. ¶¶ 4, 10.) Otherwise, it is sold at farmers markets in New York and is available for purchase through Regal Vegan's website. (*Id.*)

Regal Vegan does not allege that its product looks, smells, feels, or tastes like foie gras — let alone that it could be truthfully labeled as foie gras. Regal Vegan does not even allege that is product is a delicacy or that its product is meant to replace foie gras — or replace any other product of a duck or animal liver.

**Plaintiffs' Alleged Injuries**

 *Plaintiff ALDF*

 ALDF does not allege that it sells any food product, let alone that it is a competitor of Hudson Valley.  Nonetheless, ALDF claims it has been "harmed" by Hudson Valley's reference to itself as "The Humane Choice."  ALDF alleges that:

 (a) it "has expended substantial organizational resources to educate the public about the animal welfare and health consequences of . . . foie gras production" and its "communications department has spent significant resources raising awareness about the poor living conditions for ducks being raised for foie gras" (Compl. ¶¶ 5, 11, 116);

 (b) its "efforts to educate the public about farm conditions and to end cruel farming practices have been frustrated by defendants' unlawful encouragement of such practices" (Compl. ¶¶ 5, 118);

 (c) it "has drafted press releases and initiated letter-writing campaigns to oppose force-feeding in ducks raised for foie gras" (Compl. ¶ 5);

 (d) it "has also spent extensive time and resources gathering information about foie gras production through public records requests to federal and state authorities" (*id.*);

 (e) its attorneys "have spent many hours collecting expert testimony and researching the law in relation to foie gras production" (*id.*); and

 (f) it "has also written letters to the California Attorney General and the Better Business Bureau asking for false advertising actions against foie gras producers who claim their products are humane" (Compl. ¶¶ 5, 117).

 ALDF claims that each of these voluntary activities on its part has injured it by "consuming organizational resources that could have been spent on other projects and outreach campaigns" and that it "could have avoided these expenditures if defendant had not advertised its foie gras product as 'humane' when it is not."  (Compl. ¶¶ 5, 11.)

 *Plaintiff Regal Vegan*

 Regal Vegan alleges that it "is injured from defendants' claim that its [sic] foie

gras product is 'humane'." (Compl. ¶ 10.) It claims that "[s]ome consumers of force-fed foie gras are unfamiliar with the cruelty involved in its production, and many more are misled by the defendants' false and misleading advertising." (*Id*.) Regal Vegan then claims that "[t]his misconception encourages consumers to purchase force-fed foie gras instead of Regal Vegan's cruelty-free product." (*Id*.)

Regal Vegan makes the conclusory allegations that it is "directly disadvantaged as a result of defendants' '[T]he Humane Choice' advertising" and that "[t]he market for Faux Gras is adversely affected by the availability of force-fed foie gras." (*Id*.) Like ALDF, Regal Vegan also alleges that it "must invest resources educating consumers about the cruelty involved in force-fed foie gras." (*Id*.) Regal Vegan further posits that Hudson Valley's "The Humane Choice" slogan harms it in two different ways:

(1) "because consumers who care about buying humane products will buy defendants' product when, if they knew defendants' product was not humane, would be more likely to purchase plaintiff Regal Vegan's Faux Gras product instead" (Compl. ¶ 114); and

(2) "because it lessens the goodwill associated with humanely produced products, including Faux Gras" (Compl. ¶ 115).

Regal Vegan says it "would like to sell more of its product nationwide, including California." (Compl. ¶ 4.) Presumably referring to its founder, it alleges that "she is not able to compete as well in the marketplace due to defendants' false and misleading advertising and anti-competitive behavior." (*Id*.) In similarly conclusory terms, Regal Vegan alleges that "Defendants' actions harm Regal Vegan and her injuries would be redressable by a favorable ruling by this court." (*Id*.)

Apart from these conclusory allegations, the complaint is devoid of any allegations as to how Hudson Valley's use of "The Humane Choice" as a slogan on its website, Facebook, and Twitter pages to sell foie gras is causing or reasonably threatening to cause Regal Vegan to lose sales of its unidentified "food product" made from plant-based ingredients.

## ARGUMENT

I.   **The legal standard on a motion to dismiss under FRCP 12(b)(6) requires more than speculation or conclusory allegations for Plaintiffs to avoid dismissal.**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). While all material allegations are taken as true and considered in the light most favorable to the non-moving party, the Federal Rules of Civil Procedure "require[] more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). A "formulaic recitation of the elements" of the claims will not suffice, and the court cannot assume the truth of conclusory allegations unsupported by facts. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A complaint needs to be plausible on its face, meaning that "the plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009). A court cannot accept "unwarranted deductions" or "unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor can the Court assume that "the [plaintiff] can prove facts which [he] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Thus, if the facts alleged in the complaint — stripped of their attenuated inferences, speculation, and conclusory allegations — would not support a verdict for Plaintiffs, then the complaint must be dismissed.

II.  **Plaintiffs' Lanham Act claim should be dismissed because neither Plaintiff can establish the requirements for statutory standing.**

A.   **Lanham Act standing for false advertising requires that a plaintiff directly compete in the same market with a defendant for the same consumers seeking the same goods or services.**

1    To bring a claim under the false advertising prong of the Lanham Act, 15 U.S.C.

2  § 1125(a)(1)(B), a plaintiff must satisfy certain statutory standing requirements.  In the

3  Ninth Circuit, to establish statutory standing under the Lanham Act for a false

4  advertising claim, "a plaintiff must show: (1) a commercial injury based upon a

5  misrepresentation about a product; and (2) that the injury is 'competitive,' or harmful

6  to the plaintiff's ability to compete with the defendant."  *Jack Russell Terrier Network*

7  *of N. Cal.v. Am. Kennel Club, Inc.,* 407 F.3d 1027, 1037 (9th Cir. 2005);

8  *TrafficSchool.com, Inc. v. Edriver Inc.,* 653 F.3d 820, 826 (9th Cir. 2011) (affirming

9  this two-part test); *see also Halicki v. United Artists Communications, Inc.,* 812 F.2d

10  1213, 1214 (9th Cir. 1987) (holding claim by producer against theaters based on false

11  representation of producer's PG movie as rated R to be not actionable under Lanham

12  Act because, "[t]o be actionable, conduct must not only be unfair but must in some

13  discernible way be competitive.").

14    "A 'competitive injury' occurs when a *direct competitor* harms the plaintiff's

15  ability to compete with it in their *shared marketplace*."  *Jurin v. Google Inc.,* 768

16  F.Supp.2d 1064, 1072 (E.D. Cal. 2011) (stating general rule for false advertising cases

17  under Lanham Act but not deciding whether parties were direct competitors under false

18  advertising analysis) (emphasis added); *Jack Russell,* 407 F.3d at 1037 (affirming

19  dismissal for lack of standing under Lanham Act where district court required that a

20  former regional affiliate, the Jack Russell Terrier Network of Northern California, "be

21  *in direct competition with*" the Jack Russell Terrier Club of America) (emphasis added).

22  In order to satisfy this prong of Lanham Act standing, the parties must be competitors

23  in the sense that they "vie for the *same* dollars from the *same* consumer group."

24  *TrafficSchool.com,* 653 F.3d at 826 (emphasis added).  "Competitors are persons

25  endeavoring to do *the same thing* and each offering to perform the act, *furnish the*

26  *merchandise*, or render the service *better or cheaper than his rival*."  *Brosnan v.*

27  *Tradeline Solutions, Inc.,* 681 F.Supp.2d 1094, 1101 (N.D. Cal. 2010) (emphasis

28  added; internal citation and quotation omitted).

**B.    Neither Plaintiff can satisfy the "competitive injury" prong of the Lanham Act standing test.**

Defendant Hudson Valley raises Moulard ducks and produces a variety of duck products from them, including foie gras.  (Compl. ¶ 12.)  As part of its broader business of supplying restaurants and distributors with duck products, it makes foie gras available for sale to consumers through its website.  (*Id.*)  As illustrated below, because neither ALDF nor Regal Vegan — neither of which sells foie gras or any other duck or liver product — can be deemed "competitors" of Hudson Valley (let alone competitors of any of the individual Defendants), by definition they cannot have suffered any "discernibly competitive injuries."  They thus both fail the second prong of Lanham Act standing, and their claim for false advertising under the Lanham Act should be dismissed without leave to amend.

**1.    ALDF cannot satisfy the Lanham Act's statutory standing requirements because it does not compete with Hudson Valley.**

As noted above, Hudson Valley produces and sells duck products, including foie gras.  (Compl. ¶ 12.)  In stark contrast, ALDF "is a national non-profit organization involved in every aspect of animal law" that focuses on "issues involving animals and the law."  (Compl. ¶ 12.)  Nowhere in their complaint do Plaintiffs claim that ALDF sells the products of any animal, let alone any duck products — or, most relevant to this motion, any foie gras.  Thus, it cannot be said that ALDF "vies for the same dollars from the same consumer group" or that it endeavors to do the same thing, perform the same act, furnish the same merchandise, or render the same service better or cheaper than any of the Defendants.

Furthermore, Plaintiffs are well aware of this fatal defect in their lawsuit.  As their own counsel has previously written, "To the extent that an animal advocacy organization or simple consumer wishes to be a party to [an] action [for false advertising], *the Lanham Act is not an option.*"  Carter Dillard, *False Advertising, Animals, and Ethical Consumption*, 10 ANIMAL L. 25, 32 (2004) (emphasis added).

Since Plaintiffs have not so much as alleged that ALDF sells any product that directly competes with Hudson Valley's foie gras, ALDF's claim under the Lanham Act claim must be dismissed as a matter of law — and without leave to amend — for lack of statutory standing.

2. **Regal Vegan cannot satisfy the Lanham Act's statutory standing requirements because its unidentified plant-based "food product" is not in the same market as Hudson Valley's foie gras.**

Unlike ALDF, Regal Vegan at least sells what is described in the complaint only as "a food product," which it calls "Faux Gras" and which is "made from all natural, whole food, plant-based ingredients." (Compl. ¶ 10.) But that is all the complaint tells us about the product that is supposedly losing sales to Hudson Valley's foie gras on account of the company's "Humane Choice" slogan. Regal Vegan notes that its product "does not contain nor use any animal products in its production," which means that it does not contain any foie gras or any other duck product or animal liver. (*Id.*) Based entirely on these spare claims about its own product — which it never so much as compares to Hudson Valley's foie gras, except to say that it is "undoubtedly humane" — the complaint goes on to include the conclusory allegations that "Faux Gras" is a "competing product," that Regal Vegan "is competing with defendants," and that it is "directly disadvantaged as a result of defendants' 'the Humane Choice' advertising." (Compl. ¶¶ 4, 10, 153.)

These allegations are a world away from satisfying the "competitive injury" prong of the test for standing under the Lanham Act. They also fall far short of *Iqbal*'s requirement that a claim have facial plausibility to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even taking all of Plaintiffs' allegations as true, it should be plain that Regal Vegan's plant-based "food product" does not directly compete with Hudson Valley's foie gras, and it thus lacks standing to maintain its Lanham Act claim.

It is not enough for Regal Vegan merely to claim that it sells a plant-based product that somehow competes with Hudson Valley's foie gras and that, if only

- 11 -

Hudson Valley could be enjoined by this Court not to advertise itself as "The Humane Choice," then consumers would conceivably be more likely to buy "Faux Gras" (Compl. ¶¶ 114-15) — as opposed to any other foie gras or duck or liver product.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Yet Plaintiffs' complaint provides little more than a "threadbare recital" of the elements of a Lanham Act false advertising claim.  (Compl. ¶¶ 146-155.)  The balance of its 27 pages consists mainly of irrelevant material about alleged complications from "force feeding" practices at unspecified farms and about consumers' allegedly increasing concern for the welfare of animals.

> **a.    Even taking the allegations in their complaint as true, Regal Vegan's "food product" is not foie gras and cannot be said to directly compete with Hudson Valley's foie gras.**

Cutting through the chaff, the relevant allegations in Plaintiffs' complaint actually undermine their conclusory assertions that Regal Vegan's plant-based "food product" somehow competes with Hudson Valley's foie gras.  "A competitor in the sale of goods is defined as persons endeavoring to furnish the same merchandise."  *Jurin v. Google Inc.*, 768 F.Supp.2d 1064, 1072 (E.D. Cal. 2011), citing *Kournikova v. General Media Communs., Inc.*, 278 F.Supp.2d 1111, 1116-17 (C.D. Cal. 2003).  Here, Plaintiffs allege that "Faux Gras is made from all natural, whole food, plant-based ingredients" and "does not contain nor use any animal products in its production." (Compl. ¶ 10.)  By contrast, the Hudson Valley product that is the target of Plaintiffs' displeasure — foie gras — is "obtained exclusively from specially fed and fattened geese and ducks."  *See* Defendants' RJN Ex. A [ECF Dkt. No. 22-1] (U.S. Dep't Of Agriculture, Food Standards And Labeling Policy Book 57 (2005).  These are fundamentally different products.  Apart from its misleading name, Plaintiff's "Faux

Gras" has about as much in common with Hudson Valley's foie gras as a bicycle does with a Mercedes.

It is unclear from Plaintiffs' conclusory complaint what shared marketplace they believe that Regal Vegan and Hudson Valley compete in. Regal Vegan certainly does not compete with Hudson Valley in the foie gras market. And, while Plaintiffs allege that foie gras "is considered a culinary delicacy, and sells for around $80 a pound," they do not allege that Regal Vegan's unidentified "food product" is similarly prized by chefs or diners as a delicacy. The mere fact that both are "food products" hardly places them in the kind of "direct competition" required for Lanham Act standing on a false advertising claim.

In *Brosnan v. Tradeline Solutions, Inc.*, this Court determined that a plaintiff lacked statutory standing to bring a false advertising claim under the Lanham Act despite the fact that both he and the defendants provided services in the market for credit repair services. 681 F.Supp.2d 1094, 1100-01 (N.D. Cal. 2010). Specifically, the defendant offered "credit piggybacking" services and "seasoned primary accounts," and the plaintiff offered other services to repair consumers' credit histories. *Id.* at 1100. Notwithstanding the plaintiff's allegation that he lost seven customers to the defendant, this Court held that the plaintiff and defendant were not in competition because the services provided were distinct from each other. *Id.* at 1101.

Here, even based on Plaintiffs' own allegations, Hudson Valley's foie gras and Plaintiff's "Faux Gras" are entirely distinct products; while foie gras is a culinary delicacy made from duck liver (Compl. ¶ 2), "Faux Gras" does not contain or use any animal products in its production, and is made entirely from plants. (Compl. ¶ 10.) This Court should do what it did in *Brosnan* and find that, while it is true that Plaintiff and Hudson Valley both sell "food products," this is woefully insufficient to conclude that Regal Vegan is a direct competitor of Hudson Valley in the market for foie gras.

### 3.   Neither Plaintiff has Lanham Act standing to sue the individual Defendants.

While the gravamen of their complaint consists of the "The Humane Choice" slogan on Hudson Valley's website (and on its Facebook and Twitter pages), Plaintiffs have also sued the four individuals most closely tied to the company.  Yet Plaintiffs do not allege in any way that any of the individual Defendants personally sells a product, let alone a product that competes with Regal Vegan's "food product."  It would thus make no sense for this Court to deem ALDF or Regal Vegan as somehow in direct competition with the individual Defendants.  To the extent that Plaintiffs' Lanham Act claim is asserted against the individual Defendants, it should be dismissed for lack of statutory standing as against each of them.

### C.   Plaintiffs' lawsuit should be dismissed without leave to amend on standing grounds alone.

A district court does "not abuse its discretion by dismissing without leave to amend where amendment would be futile."  *Kennedy v. Lehman Bros. Bank, FSB*, 2013 WL 603070 at *1 (9th Cir. Feb. 19, 2013).  As noted above, ALDF does not even sell any food product, and Regal Vegan sells a completely different plant-based "food product" that it does not — and cannot — allege is foie gras (or is somehow meant to replace it).  Here, it would be futile to permit either ALDF or Regal Vegan to amend to allege that they directly compete with Hudson Valley in the market for foie gras.  *See, e.g.*, *Red v. The Kroger Co.*, 2010 WL 4262037 at *8 (C.D. Cal. Sep. 2, 2010) (dismissing Lanham Act false advertising claim *without* leave to amend for lack of statutory standing where leave to amend would be futile).

A dismissal without leave to amend will not even cause Plaintiffs any prejudice.  They will remain free to bring a new lawsuit if they ever start selling foie gras.  *Cf. Interserve, Inc. v. Fusion Garage PTE. LTD.*,  2010 WL 3339520 at *9 (N.D. Cal. Aug. 24, 2010) (dismissing Lanham Act claim on grounds that plaintiff's conclusory allegations were insufficient to show it suffered a "competitive injury" from defendant tablet computer where "TechCrunch apparently is not presently engaged in developing

- 14 -

or marketing a tablet computer such that it could be said to be in competition with Fusion Garage in any traditional sense," but granting leave to amend where plaintiff had been engaged in tablet computer development, retained know-how, and so could re-enter the field).

\*     \*     \*

Defendants do not address Plaintiffs' lack of standing under their state law claims in this motion because Plaintiffs' lack of standing under the Lanham Act alone requires the dismissal of this action.  The cause of action under the Lanham Act is the only claim alleged by Plaintiffs that raises a federal question.  There is no diversity of citizenship here, since, as alleged in the complaint, Plaintiff Regal Vegan and Defendant Hudson Valley are both headquartered in New York (Compl. ¶¶ 10, 12), not to mention that all four individual Defendants are located there (ECF Dkt. Nos. 4-1, 4-2, 4-3, 4-4).

**III.   Plaintiffs cannot state a claim for false advertising based on Defendants' reference to Hudson Valley as "The Humane Choice" because such a highly subjective and general expression of opinion is not actionable under the Lanham Act.**

Even assuming that Plaintiffs could separately establish both Article III standing and statutory standing under the Lanham Act, there is no possibility that either of them can prevail on a claim for false advertising based on the slogan at issue here.

**A.   The Lanham Act requires a "specific and measurable claim, capable of being proved false or reasonably interpreted as a statement of objective fact."**

Section 43 of the Lanham Act provides as follows:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description *of fact*, or false or misleading representation *of fact*, which —
>
>            . . .

- 15 -

> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. §1125(a)(1) (emphasis added).  As the Ninth Circuit has recognized, this creates five elements that plaintiffs must plead to sufficiently state an actionable claim:

> (1) a false statement *of fact* by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

*Skydive Arizona, Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012) (emphasis added), citing 15 U.S.C. § 1125(a) and *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).  To demonstrate falsity within the meaning of the Lanham Act, a plaintiff may show that the statement was "literally false," either on its face or by necessary implication, or that the statement was "literally true" but likely to mislead or confuse consumers.  *Southland Sod Farms*, 108 F.3d at 1139.  "To be 'literally false' the statement must be unambiguously false." *Kwan Software Engineering, Inc. v. Foray Technologies, LLC*, 2013 WL 244999 at *3 (N.D. Cal. Jan. 22, 2013).

**B.    Hudson Valley's slogan that it is "The Humane Choice" is not a "specific and measurable claim, capable of being proved false or reasonably interpreted as a statement of objective fact."**

Here, the highly subjective slogan that Hudson Valley is "The Humane Choice" is simply not capable of being proved "true" or "false."  *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999) (holding that to be actionable, a statement must be one of fact; otherwise "[a]s a matter of law, it [cannot]

- 16 -

give rise to liability under . . . the Lanham Act."); *see also Pizza Hut, Inc. v. Papa John's Intern., Inc.*, 227 F.3d 489, 495-96 (5th Cir. 2000) ("Essential to any claim under section 43(a) of the Lanham Act is a determination of whether the challenged statement is one of fact — actionable under section 43(a) — or one of general opinion — not actionable under section 43(a).").

The gravamen of Plaintiffs' claim for false advertising is the "The Humane Choice" slogan used by Hudson Valley, though Plaintiffs also take issue with Hudson Valley's and the four individual Defendants' use of the word "humane" in any context to refer to themselves. (Compl. ¶¶ 17-25, 29-34, 147, 157, 166.) Yet the terms "humane" or "The Humane Choice" are not specific or measurable, capable of being proved false, or capable of being reasonably interpreted as a statement of objective fact. Instead, they are general and subjective phrases that Hudson Valley uses to describe itself, not quantifiable claims as to specific or absolute characteristics of any of its various duck products. *See, e.g., Sensible Foods, LLC v. World Gourmet, Inc.*, 2011 WL 5244716 at *7 (N.D. Cal. Nov. 3, 2011) (dismissing under FRCP 12(b)(6) because, "to state a federal claim for false advertising under the Lanham Act, Plaintiff must identify 'false statements of fact' in advertisements that Defendants made about their own or another's product.").[4]

The terms "humane" and "The Humane Choice" are inherently subjective. Webster's dictionary defines the word "humane" as "marked by compassion, sympathy, or consideration for humans or animals" and lists as synonyms words such as "kind," "sympathetic," "benevolent," and "good-hearted." *See* http://www.merriam-webster.com/dictionary/humane (last visited Feb. 28, 2013); http://www.merriam-webster.com/thesaurus/humane?show=0&t=1359164031 (last visited Feb. 28, 2013). One can no more reliably ask a jury to determine whether a

---

[4]    This is not a case where a farm claims it is "certified humane," which could imply a false statement of fact if the farm were not certified by anyone.

particular farmer is "humane" or "considerate" as an issue of *fact* than one could ask a dozen lawyers whether a particular judge is "fair" or "nice."

An actionable statement of fact is "a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of fact."  The Ninth Circuit has explained where to draw the line in false advertising claims under the Lanham Act:

> In the present case, the defendants' assertion that Coastal was too small to handle Shearson's business was vague and subjective.  It was not a specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact.  *As a matter of law*, it could not give rise to liability under [] the Lanham Act[.]

*Coastal Abstract Service, Inc. v. First American Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999) (emphasis added); *see also American Italian Pasta Co. v. New World Pasta Co.*, 371 F.3d 387, 391 (8th Cir. 2004) ("If a statement is a specific, measurable claim or can be reasonably interpreted as being a factual claim, i.e., one capable of verification, the statement is one of fact.").

To illustrate that a statement like "The Humane Choice" or any reference to animal husbandry as "humane" is a matter of pure opinion, one need only consider the decision by the Nevada Supreme Court in *People for Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 111 Nev. 615, 895 P.2d 1269 (1995), overruling on other grounds recognized by *Barket v. Clarke*, 2012 WL 2499359 at *5 (D. Nev. Jun. 26, 2012).  In that case, Berosini, an animal trainer, was videotaped backstage before a show shaking and punching his trained orangutans and hitting them with a rod.  *Id.* at 618, 895 P.2d at 1271.  Berosini sued various animal rights organizations for defamation over the statement that "Berosini regularly abuses his orangutans."  *Id.* at 626, 895 P.2d at 1276.  The Supreme Court of Nevada recognized that such a statement was not one of fact but, rather, a highly debatable matter of opinion, and it reversed the judgment in Berosini's favor in its entirety.  As it noted:

Whether the violence portrayed in the videotape is seen as abuse or proper discipline is a matter of wide-ranging difference of opinion among the witnesses in this case and within the public in general. . . . The opinion expressed by any defendants or by any of defendants' witnesses in this case that Berosini's activities, as represented in the videotape, constituted abuse or cruelty falls squarely into a class of opinion described by Prosser and Keeton as 'evaluative opinions.' . . . We are dealing here with two very strongly held, contrary opinions on how animals should be treated. . . . [W]ithout taking sides on the activities or the strongly-held beliefs of either party, it is nevertheless clear that open and robust debate on controversial and contested issues of this kind could not long survive a succession of such multi-million dollar judgments.

*Id.* at 622-25, 895 P.2d at 1274-76 (recognizing that such speech is also protected by the United States Constitution).

Like in *Berosini*, whether duck farmers such as Hudson Valley have consideration for their animals and are "humane," as Defendants maintain, or whether the production of foie gras is "cruel and inhumane," as Plaintiffs allege, this is not the proper subject of a false advertising lawsuit, since the matter is not capable of a determination of its truth or falsity as an issue of *fact*. One can only imagine the absurdity of the result if the law were otherwise, with, for example, other activist groups free to start suing the manufacturers of abortifacients for a judicial declaration that those products are "inhumane."

## C.   If anything, a slogan that a company is "The Humane Choice" is the kind of general claim that amounts to puffery.

A slogan by which a company refers to itself as "The Humane Choice" does not declare or imply a provably false assertion of fact. Indeed, the title of one recent news story on animal welfare shows that animal rights groups cannot even agree among themselves as what makes a product "humane." The Oregonian, *Animal Rights Groups Disagree, Scramble to Define 'Humane' in Egg Debate*, Jul. 5, 2011 (last viewed on Feb. 28, 2013, at http://www.oregonlive.com/politics/index.ssf/2011/07/ animal_rights_groups_disagree.html). Presumably some people find Hudson Valley's very slaughter of its ducks for food to be "inhumane," though these highly personal opinions

surely cannot form the basis of a Lanham Act.  For example, the President and Co-Founder of the well-known animal rights group PETA (i.e., People for the Ethical Treatment of Animals) claims in the *Huffington Post* this week, "One hates to be absolute, but in my view, *there is no such thing as humane meat.*"  *Let's Face It: There Is No Such Thing as Humane Meat*, Huffington Post, Feb. 26, 2013 (last viewed on Feb. 28, 2013, at http://www.huffingtonpost.com/ingrid-newkirk/humane-meat_b_ 2765996.html (emphasis added).

If anything, the slogan "The Humane Choice" and other references to Hudson Valley being "humane" that Plaintiffs contend constitute false advertising amount to mere puffery.  Puffing "involves expressing opinions, not asserting something as a fact."  Black's Law Dictionary 582 (3d Pocket Ed. 2006).  As the Ninth Circuit has held, a "statement that is quantifiable, that makes a claim as to the 'specific or absolute characteristics of a product,' may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery."  *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008), quoting *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 245 (9th Cir. 1990).

"Ultimately, the difference between a statement of fact and mere puffery rests in the specificity or generality of the claim."  *Id.*  "A district court may determine *as a matter of law* whether an advertising statement is mere puffery or a factual, and hence actionable, statement."  *Sensible Foods, LLC v. World Gourmet, Inc.*, 2012 WL 566304 at *6 (N.D. Cal. Feb. 21, 2012) (dismissing Lanham Act false advertising claim with prejudice where statements such as that defendants' products were the "next generation in unique and better-for-you snacks" were not capable of being proved false).

As the Ninth Circuit explained in *Cook:*

> The common theme that seems to run through cases considering puffery in a variety of contexts is that consumer reliance will be induced by specific rather than general assertions.  "[A]dvertising which merely states in general terms that one product is superior is

not actionable." *Smith-Victor*, 242 F.Supp. at 308. "However, misdescriptions of specific or absolute characteristics of a product are actionable." *Stiffel*, 658 F.Supp. at 1115. In *Smith-Victor*, an advertiser's statement that its lamps were "far brighter than any lamp ever before offered for home movies" was ruled puffery. However, when the advertiser quantified numerically the alleged superior brightness with statements such as "35,000 candle power and 10-hour life," the court found a potential Lanham Act claim. 242 F.Supp. at 308-09. Here, the alleged misrepresentations in NCC's advertisement are merely general in nature. The statement that "we're the low cost commercial collection experts" and any implication that NCC has comparable services to attorneys at lower rates are general assertions of superiority rather than factual misrepresentations. The advertisement does not contain the kind of detailed or specific factual assertions that are necessary to state a false advertising cause of action under the Act.

911 F.2d at 246; *see also Atari Corp. v. 3DO Co.*, 1994 WL 723601 at *2 (N.D. Cal. May 16, 1994) (granting motion to dismiss because slogan, "the most advanced home gaming system in the universe," was not actionable under Lanham Act, despite competitor's claim that its home gaming system had greater bus bandwidth, since slogan was "a general assertion of superiority and 'not the kind of detailed or specific factual assertion' that is required to state a false advertising cause of action"); *Vitt v. Apple Computer, Inc.*, 469 Fed.Appx. 605, 607 (9th Cir. 2012) (agreeing that statements that product is "affordable choice" or "reliable" were "generalized, non-actionable puffery because they are 'inherently vague and generalized terms' and 'not factual representations that a given standard has been met'").

In *Autodesk, Inc. v. Dassault Systemes SolidWorks Corp.*, 2008 WL 6742224 (N.D. Cal. Dec. 18, 2008), the defendant was alleged to have falsely advertised its CAD software under the Lanham Act by saying that its "unique capability helps you maintain file and design process compatibility, win business, and save time — all while avoiding expensive AutoCAD upgrade costs or subscriptions fees." *Id.* at *3. This Court recognized such a statement as non-actionable puffery. "[A] statement that is quantifiable, that makes a claim as to the specific or absolute characteristics of a product, may be an actionable statement of fact while a general, subjective claim about

- 21 -

a product is non-actionable puffery." *Id.* citing *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008). Accordingly, this Court struck Plaintiff's false advertising allegations under the Lanham Act because the statement at issue "does not contain the kind of detailed or specific factual assertions necessary to state a false advertising claim" but, rather, was "vague and highly subjective" so as to preclude reliance by consumers and amount to "a general claim of superiority." *Id.*

Here, Hudson Valley's slogan referring to itself as "The Humane Choice" for duck products likewise "does not contain the kind of detailed or specific factual assertions necessary to state a false advertising claim" but, rather, is a "vague and highly subjective" statement that amounts to a "general claim of superiority." Indeed, it is hardly very different than if Hudson Valley were to use the slogan "The Caring Choice" — an expression of its opinion that it cares about its animals and that remains non-actionable under Ninth Circuit precedents. Or if Hudson Valley and the four individual Defendants were to refer to themselves as "The Nice Farmers." Much as Plaintiffs would love to put a part of the poultry farming industry on trial, this Court should dismiss this action with prejudice because, as a matter of law, whether something is "humane" is a philosophical question that is not for a particular jury to decide as if it were somehow a provable fact.

In light of the foregoing, Plaintiffs have not alleged — and cannot allege — that Hudson Valley's slogan and use of the term "humane" constitute actionable statements of fact under the Lanham Act.

## CONCLUSION

Because Plaintiffs cannot establish statutory standing under the Lanham Act, and because Defendants' "The Humane Choice" slogan is not actionable as a "specific and measurable claim, capable of being proved false or being reasonably interpreted as a

1  statement of objective fact," Plaintiffs' case should be dismissed without leave to

2  amend.

3  Dated:  February 28, 2013                    /s/ Michael Tenenbaum

4                                              _____

5                                              Michael Tenenbaum, Esq.
                                               THE TENENBAUM LAW FIRM

6                                              *Counsel for Defendants HVFG LLC,*
                                               *Marcus Henley, Michael Ginor, Izzy*
7                                              *Yanay, and Richard Bishop*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FRCP 12(b)(6)