Michael Tenenbaum, Esq. (No. 186850)
mt@post.harvard.edu
THE TENENBAUM LAW FIRM
1431 Ocean Ave., Ste. 400
Santa Monica, CA  90401
Tel    (310) 919-3194
Fax    (310) 919-3727

*Counsel for Defendants HVFG LLC, Marcus Henley,*
*Michael Ginor, Izzy Yanay, and Richard Bishop*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, a California corporation; and REGAL VEGAN, INC., a New York corporation; <br><br> Plaintiffs, <br><br> – against – <br><br> HVFG LLC, a New York limited liability company; <br> MARCUS HENLEY, an individual; <br> MICHAEL GINOR, an individual; <br> IZZY YANAY, an individual; and <br> RICHARD BISHOP, an individual; <br><br> Defendants. | Case No. C 12-05809 WHA <br><br> **DEFENDANTS' <u>REPLY</u> BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION UNDER FRCP 12(b)(1)** <br><br> Date:    April 4, 2013 <br> Time:   11:00 a.m. <br> Place:   Courtroom 8 <br><br> Hon. William H. Alsup |

INTRODUCTION

In an attempt to avoid dismissal of what Plaintiffs *knew* before they filed it was a case in which they would each lack standing, Plaintiffs' opposition brief plays fast and loose with their duties of candor to this Court. Plaintiffs cite no applicable authority for the notion that an animal rights group somehow has Article III standing to bring a false advertising action against a foie gras seller in a federal court. Instead, with their counsel having previously published an article acknowledging that a group like ALDF lacks standing, Plaintiffs now misrepresent the subject of a judicial decision that, contrary to their summary of it, has nothing to do with false advertising. Similarly, Plaintiffs misread the Ninth Circuit's important decision in *TrafficSchool.com* and pretend that, just because some consumers may care about the animals they eat, a foie gras farmer's description of itself as "humane" somehow causes actual injury to an online seller of a lentil, onion, and walnut "spread."

Plaintiffs' lawsuit borders on the frivolous and should be dismissed.

I. **Plaintiffs have failed to establish the requisite injury-in-fact for either ALDF or Regal Vegan to possess Article III standing.**

   A. **Without misrepresenting a federal district court decision, ALDF does not even come close to satisfying the *TrafficSchool.com* requirement for Article III standing in a false advertising case.**

The Ninth Circuit has made clear that, in a false advertising case, "a plaintiff establishes Article III injury if some consumers who bought the defendant['s] product under [a] mistaken belief fostered by the defendant would have otherwise bought the plaintiff['s] product." *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 825 (9th Cir. 2011). Here, Plaintiffs do not and cannot contend that ALDF sells any food product, let alone a foie gras product that competes with Hudson Valley's. That should normally end the inquiry.

In an effort to save ALDF from an obvious lack of the kind of injury-in-fact required to bring a false advertising claim, Plaintiffs rely heavily on the Ninth Circuit's

decision in *Fair Housing of Marin v. Combs*, 285 F.3d 899 (9th Cir. 2002). Yet that was a fair housing case, not one for false advertising, and was expressly limited to the question of "[w]hether a community fair housing organization has standing to sue a private party for violations of the Fair Housing Act[.]" It is telling that Plaintiffs were unable to point to any other case in which an animal rights group was welcomed to make a federal court the forum for a false advertising claim based on its views of a seller's statements of opinion about its own food products.

Plaintiffs argue that the views of their counsel of record, Carter Dillard, have "developed and changed significantly" since he wrote the damning admission that, "[t]o the extent that an animal advocacy organization or simple consumer wishes to be a party to the action, the Lanham Act is not an option." Carter Dillard, *False Advertising, Animals, and Ethical Consumption*, 10 Animal L. 25, 32, 38 (2004) (emphasis added). But the only case they cite in support of Article III standing for ALDF is the *Fair Housing* decision, which was issued back in 2002, i.e., well *before* Mr. Dillard published his article acknowledging that a group like ALDF cannot bring this action.

Finally, and most egregiously, Plaintiffs mislead the Court in their argument that "case law on organizations standing" has "changed significantly" since Mr. Dillard's article. Here is their single citation for that proposition:

> *See e.g., S. Cal. Hous. Rights Ctr. v. Ass'n & Los Feliz Towers Homeowners Ass'n Bd. of Dirs.*, 426 F. Supp. 2d 1061, 1068-9 (C.D. Cal. 2005) (**extending Fair Housing of Marin-type organizational standing to a non-profit in a state false advertising lawsuit**).

(Plaintiffs' Opp. at p. 10.) Plaintiffs thus represent to the Court that the *Southern California Housing Rights Center* case somehow "extended" the Ninth Circuit's liberal holding on standing in fair housing cases to apply "to a non-profit in a state false advertising lawsuit." This is just plain false.

Contrary to Plaintiffs' representation about the case, *Southern California Housing Rights Center* had absolutely nothing to do with false advertising. Rather, it

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER FRCP 12(b)(1)

was yet another fair housing case, and the opinion describes the gravamen of the plaintiff's complaint as the failure of her condo association "to provide her with an accessible parking space as a reasonable accommodation of her disability." *Id.* at 1063. The opinion does not even mention the words "false" or "advertising." As this Court has long observed about such misrepresentations of legal authority, "Without integrity in the judicial system, the Court cannot rely upon the legal research provided by the parties, but instead must research each issue independently." *See Premier Commercial Corp. Ltd. v. FMC Corp.*, 139 F.R.D. 670, 674 (N.D. Cal. 1991) (imposing sanctions for deliberate misrepresentation of case authority in brief).[1]

### B. Plaintiffs similarly misread the Ninth Circuit's decision in *TrafficSchool.com* to suggest that Regal Vegan has any kind of competitive injury-in-fact.

In responding to Defendants' arguments about Regal Vegan's lack of standing, Plaintiffs are forced to address the *TrafficSchool.com* case for the first time in their

---

[1] This would not be the first such instance by Plaintiffs. As the Court may recall from its recent case management conference, Plaintiffs' counsel tried to avoid a temporary discovery stay by misstating that this motion was somehow not directed at both Plaintiffs:

> THE COURT: Wait a minute. Didn't you just tell me that the motion was directed only against the Fund, but these other -- not against the other plaintiffs?
> MS. ROTH: I was pretty sure, but maybe I'm incorrect, Your Honor.
> MR. TENENBAUM: The motion is directed at both of the plaintiffs, but limited to Article III standing.
> THE COURT: Why did you tell me that?
> MS. ROTH: I'm sorry, Your Honor.
> THE COURT: Have you been studying for the bar too much?
> MS. ROTH: Yes, Your Honor.
> THE COURT: Well, then, you should not tell me something that's incorrect. You got me excited over something that I shouldn't -- see, I just completely misjudged the situation, in reliance on -- *you need to know that the Judge relies on the lawyers, and believes everything they say*. So don't do that to me again.

(ECF Dkt. No. 37 at pp. 8-9 [emphasis added].)

brief. As the Court knows from Defendants' opening brief, the Ninth Circuit recently said in that case that "[e]vidence of direct competition is strong proof that plaintiffs have a stake in the outcome of the suit, so their injury isn't 'conjectural' or 'hypothetical.'" *TrafficSchool.com, Inc.*, 653 F.3d at 825-26. Otherwise, the "plaintiff who can't point to lost sales data" may establish an injury "by creating a chain of inferences showing how defendant's false advertising could harm plaintiff's business." *Id.* at 825.

Plaintiffs read *TrafficSchool.com* as finding Article III standing as if it were based only on evidence that the defendant's website in that case included a "recommended by DMV" endorsement. But this ignores the fundamental facts about the plaintiffs and defendants in that case. There, the defendants managed a website (DMV.org) that helped consumers purchase "traffic school courses, driver's ed lessons and other driver-related services." *Id.* at 824. *And so did the plaintiffs*, who "market and sell traffic school and driver's ed courses directly to consumers." *Id.* As Judge Kozinski noted, there was "ample evidence" that the plaintiffs "compete[d] with defendants for referral revenue," sometimes even partnering with the *same* third-party traffic school or driver's ed course providers. *Id.* at 825. In other words — and here is the key finding — "Sales gained by one are thus likely to come at the other's expense." *Id.*

Unlike the plaintiffs in *TrafficSchool.com*, Regal Vegan and Hudson Valley do not sell anywhere near the same products, unless one were to abandon all common sense and concoct a market for things that can be spread on bread. Here, Regal Vegan alleges in only the most conclusory terms that it is suffering an injury in some market that its counsel argues for the first time in Plaintiffs' brief (since it is not found in their complaint) is some kind of market for "humanely produced, spreadable paté." (Plaintiffs' Opp. at p. 10.) For all their argument about the alleged importance of Regal Vegan's product being "humanely" produced, it is notable that Plaintiffs have failed to adduce any evidence that Regal Vegan so much as mentions the terms "humane" or "humanely" on own its website. Indeed, none of the webpages on which Regal Vegan

attempts to sell its products includes either of those terms.  (Tenenbaum Decl. ¶¶ 2, 4, 5, 6 & Exs. A-D.)[2]

Plaintiffs' chain of inferences is thus linked together only by pure speculation that it would somehow be selling more bean dip if only Hudson Valley, a producer of foie gras, could be ordered by this Court to stop referring to itself as "humane."  That is hardly the kind of "concrete" and "actual" — as opposed to "conjectural" or "hypothetical" — injury that the Ninth Circuit requires for Article III standing.

## II. Plaintiffs do nothing to demonstrate the requisite traceability or redressability to establish Article III standing.

Apart from their assertion that they are "compelled" to respond to claims about the humane treatment of animals, or that they must spend resources "educating the public about the truth of foie gras" as a "necessary reaction" (Plaintiffs' Opp. at 14, 16), Plaintiffs do nothing in their opposition brief to demonstrate that their non-existent injuries are "fairly traceable" to the use of the word "humane" in Hudson Valley's website slogan.  Plaintiffs have failed to adduce any concrete facts to support their conclusory allegations.

## III. The complaint should be dismissed without leave to move to amend because any such leave would be futile.

Finally, there is no reason for this Court to grant leave for Plaintiffs to move to amend their complaint because, based on their existing allegations — and on their counsel's admission that they have no standing — there is nothing they can allege to

---

[2] On the subject of what is "humane," Plaintiffs make much of recent legislation that is widely viewed as aimed at the production of foie gras, and they claim that "the State of California has banned the practice [of foie gras production] because it is per se inhumane."  (Plaintiffs' Opp. at p. 15.)  This is a gross mischaracterization of the applicable statutes.  Much as Plaintiffs wish that the state might have found that foie gras production is "per se inhumane," sections 25980 to 25984 of the California Health and Safety Code contain no such legislative statement — and, notably, nowhere ever mention "foie gras."  Cal. Health & Safety Code §§ 25980-25984.

bring them into the ballpark of standing. "If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile." *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Even if ALDF or Regal Vegan were to start selling foie gras, they would be free at that point to file a new action if they continued to believe that Hudson Valley's use of the term "humane" somehow constituted false advertising.[3]

## CONCLUSION

Because Plaintiffs cannot establish any of the elements required for Article III standing, and because amendment would be futile, their case should be dismissed without leave to amend.

Dated: March 11, 2013 /s/ Michael Tenenbaum

_____

Michael Tenenbaum, Esq.
THE TENENBAUM LAW FIRM
*Counsel for Defendants HVFG LLC, Marcus Henley, Michael Ginor, Izzy Yanay, and Richard Bishop*

---

[3] Defendants also respectfully refer the Court to their pending motion to dismiss this action under FRCP 12(b)(6), which provides further grounds to dismiss without leave to amend.