Michael Tenenbaum, Esq. (No. 186850)
mt@post.harvard.edu
THE TENENBAUM LAW FIRM
1431 Ocean Ave., Ste. 400
Santa Monica, CA  90401
Tel    (310) 919-3194
Fax   (310) 919-3727

*Counsel for Defendants HVFG LLC, Marcus Henley,
Michael Ginor, Izzy Yanay, and Richard Bishop*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, a California corporation; and REGAL VEGAN, INC., a New York corporation;<br><br>Plaintiffs,<br><br>– against –<br><br>HVFG LLC, a New York limited liability company; MARCUS HENLEY, an individual; MICHAEL GINOR, an individual; IZZY YANAY, an individual; and RICHARD BISHOP, an individual;<br><br>Defendants. | Case No. C 12-05809 WHA<br><br>**NOTICE OF RULING IN RELATED CASE**<br><br><br>Date:      April 4, 2013<br>Time:     11:00 a.m.<br>Place:     Courtroom 8<br><br>Hon. William H. Alsup |

TO THE COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that, on March 22, 2013, the Hon. Otis D. Wright II of the United States District Court for the Central of District of California issued a ruling in *Animal Legal Defense Fund and Regal Vegan, Inc., et al. v. United States Department of Agriculture et al.*, case no. 2:12-cv-4028-ODW(PJWx) (the "Central District action"), granting the defendants' motion for judgment on the pleadings for lack of subject-matter jurisdiction and dismissing that action *with prejudice.*

The Central District action was filed by the same plaintiffs who filed this action, i.e., Plaintiffs Animal Legal Defense Fund ("ALDF") and Regal Vegan, Inc. ("Regal Vegan").[1] The Central District action was premised on Plaintiffs' allegations — which had already been rejected by the United States Department of Agriculture — that "[f]orce-feeding *induces disease* and disability in foie gras ducks and geese." (*See* ECF Dkt. No. 1 [Complaint at p. 2, ln. 19] in the Central District action.) Plaintiffs' claims in this action are likewise premised on their allegations that Defendants' foie gras is produced by "force feeding ducks and geese to *induce a liver disease.*" (Compl. ¶ 1.)

Plaintiffs' 202-paragraph complaint in the Central District action included many of the very same allegations that they make in their 178-paragraph complaint in this action, in which they claim that foie gras is "inhumane" based on allegations that it is "diseased." For example, right below the heading "Foie Gras Production is Cruel and Inhumane," Plaintiffs allege in this action that "[f]orce-fed ducks suffer" from numerous problems "related to the force-feeding process" and that "[m]ost problems . . . are the result of the duck's liver growth *and resulting disease.*" (Compl. ¶ 58.)

Defendants call the Court's attention to this recent ruling in the Central District action because Plaintiffs' opposition to Defendants' pending motions to dismiss under FRCP 12(b)(1) and 12(b)(6) cites these same allegations of "disease" (ECF Dkt. No. 36

---

[1] While Defendant HVFG LLC ("Hudson Valley") was not a named defendant in the Central District action, Hudson Valley was granted amicus curiae status in that action "at all stages of the proceeding."


[Opp. to 12(b)(1) motion] at p. 3, lns. 16-21; ECF Dkt. No. 43 [Opp. to 12(b)(6) motion] at p. 3, lns. 8-13) and Plaintiffs continue to argue that a "consumer could reasonably conclude that a humanely raised animal was not intentionally subjected to a *painful liver disease*." (Opp. to 12(b)(6) motion at p. 17, lns. 26-27.) Given that Plaintiffs' claims about foie gras production "inducing disease" not only were rejected by the USDA but also have now been dismissed *with prejudice* by another federal district court for lack of standing, this Court should not hesitate to dismiss this case with prejudice either.[2]

A copy of Judge Wright's order is attached hereto. *See, e.g.*, p. 5, lns. 26-28 ("The USDA's denial of Plaintiffs' petition shows that it disagrees with Plaintiffs' viewpoint that force-fed foie gras is adulterated or diseased: the USDA reaffirms that it is not.").

Dated:  March 28, 2013                                    /s/ Michael Tenenbaum
                                                          _____
                                                          Michael Tenenbaum, Esq.
                                                          THE TENENBAUM LAW FIRM
                                                          *Counsel for Defendants HVFG LLC,*
                                                          *Marcus Henley, Michael Ginor, Izzy*
                                                          *Yanay, and Richard Bishop*

---

[2] As the Court may recall from the parties' Joint Case Management Statement, at the time ALDF commenced this case, it was also suing Hudson Valley and various others in New York in case no. 8330-10 in the Supreme Court of New York, County of Albany. In that case, ALDF sought, *inter alia*, a declaration that foie gras is adulterated, and it relied on many of the same allegations that form the basis of this lawsuit. On January 23, 2013, the Court in that case granted the motion of Hudson Valley and the other defendants to dismiss ALDF's lawsuit for lack of standing. (*See* ECF Dkt. No. 32.)

# ATTACHMENT

O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND; REGAL VEGAN, INC.; SARAH EVANS; MICHELLE SCHURIG; CAROLINE LEE; DANIEL STAHLIE; FARM SANCTUARY; COMPASSION OVER KILLING; and AMINAL PROTECTION AND RESCUE LEAGUE,<br><br>Plaintiffs,<br>v.<br>UNITED STATES DEPARTMENT OF AGRICULTURE; TOM VILSACK; FOOD SAFETY AND INSPECTION SERVICE; and ALFRED V. ALMANZA,<br><br>Defendants. | Case No. 2:12-cv-4028-ODW(PJWx)<br><br>**ORDER RE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [22] AND DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [26]** |

## I. INTRODUCTION

Pending before the Court are Plaintiffs' Motion for Summary Judgment and Defendants' Motion for Judgment on the Pleadings with respect to subject-matter jurisdiction. (ECF Nos. 22, 26.) The Court concludes that Defendants' denial of Plaintiffs' Petition is unreviewable under 5 U.S.C. § 701(a). Thus, for the reasons discussed below, Plaintiffs' Motion for Summary Judgment is **DENIED AS MOOT** and Defendants' Motion for Judgment on the Pleadings is **GRANTED**.[1]

---
[1] Having carefully considered the papers filed in support of and in opposition to the instant Motions, the Court deems these matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. BACKGROUND

On November 28, 2007, several of the current Plaintiffs petitioned the United States Department of Agriculture ("USDA") and Food Safety and Inspection Service ("FSIS") to promulgate regulations condemning force-fed foie gras as an adulterated food product under the Poultry Products Inspection Act ("PPIA"), 21 U.S.C. §§ 451–472. (Compl. ¶ 3; Ex. A.) The FSIS, an agency of the USDA, denied their petition. (*Id.* ¶ 3; Ex. B.) The FSIS reasoned that force-fed foie gras was not adulterated or diseased, and that its continued availability in the poultry market was not in violation of the PPIA. (*Id.*)

The PPIA sets standards for the USDA to regulate the production and sale of poultry in order to protect consumers from adulterated poultry products. 21 U.S.C. § 452. It requires ante mortem and post mortem inspections of poultry products to ensure that they are safe for human consumption. 21 U.S.C. § 455. Under FSIS directives, poultry inspectors are instructed to deem wholesome any poultry livers with a uniform yellow color, resulting from excessive fat deposits. (Compl. ¶ 89.) Plaintiffs contend that this policy allows force-fed foie gras livers to escape condemnation because they have a uniform yellow color as result of fatty infiltration. (*Id.* ¶ 91.) And Plaintiffs suggest that the USDA is inconsistent: it condemns broiler chickens with certain disease conditions, but not force-fed foie gras exhibiting the same conditions. (*Id.* ¶ 93.)

Plaintiffs allege that the consumption of force-fed foie gras poses risks to human health because it contains insoluble protein fragments that can cause secondary amyloidosis, especially in persons who suffer from inflammatory diseases. (*Id.* ¶¶ 9–12.) They also claim that the proteins may encourage the development of other amyloid-associated disorders, including Alzheimer's disease or Type II diabetes. (*Id.* ¶ 13.) Plaintiffs admit these proteins are common to waterfowl generally, but contend that the proteins are more prevalent in foie gras. (*Id.* ¶ 14.) Plaintiffs also allege that harmful bacteria including *E. coli* have been found in force-fed foie gras. (*Id.* ¶ 6.)

Plaintiffs filed this lawsuit to challenge the legality of FSIS's denial, claiming the decision was arbitrary, capricious, and contrary to law, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(a). (Compl. ¶ 4.) Plaintiffs now move for summary judgment that FSIS's denial violated the APA. (ECF No. 22.) In response, Defendants moved for judgment on the pleadings that Plaintiffs lack standing, or in the alternative, for summary judgment that FSIS's denial was proper and within its discretion. (ECF No. 26.)

### III. LEGAL STANDARD

A motion for judgment on the pleadings is "functionally identical" to a Rule 12(b) motion to dismiss; the only major difference is that a Rule 12(c) motion is properly brought "after the pleadings are closed and within such time as not to delay the trial." *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106–07 (C.D. Cal. 2008) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Thus, the allegations of the non-moving party are accepted as true, denials of these allegations by the moving party are assumed to be false, and all inferences reasonably drawn from those facts must be construed in favor of the responding party. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). But conclusory allegations and unwarranted inferences are insufficient to defeat a motion for judgment on the pleadings. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios*, 896 F.2d at 1550.

### IV. DISCUSSION

Article III of the Constitution limits federal-court jurisdiction to cases and controversies. Thus, whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court must dismiss the action. Fed. R. Civ. P. 12h(3); *see Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (2011).

The PPIA does not create a private right of action for citizens, so a plaintiff suing for a PPIA violation must bring suit under the APA. The APA generally entitles an aggrieved plaintiff to judicial review of an adverse agency action. 5 U.S.C. § 702. But judicial review of an agency action is unavailable if (1) a statute precludes judicial review or (2) the agency action is "committed to agency discretion by law." 5 U.S.C. § 701(a).

In this case, though the PPIA does not allow for a private action, there is also no indication that the PPIA expressly precludes judicial review; so § 701(a)(1) does not apply here. And as for as for agency actions committed to agency discretion by law under § 701(a)(2), this does not apply to agency inaction except under narrow circumstances. *Heckler v. Chaney*, 470 U.S. 821, 832 (1985).

Indeed, an agency's decision to not "take enforcement action [is] presumed immune from judicial review under § 701(a)(2)." *Id.* An agency has broad discretion to choose how best to allocate its resources to perform its delegated responsibilities. *See Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–845 (1984). This discretion is "at its height when the agency decides not to bring an enforcement action." *Massachusetts v. EPA*, 549 U.S. 497, 527 (2007).

One instance of this discretion involved the FDA's denial of a petition to ban the use of several drugs that—though approved by the FDA for the medical purposes stated on their labels—were not approved for use in human executions and were not deemed "safe and effective" for that use under the applicable statutes. *Heckler*, 470 U.S. at 823–24. In that case, the Supreme Court sided with the FDA and held that the petition denial was unreviewable because there were no "judicially manageable standards . . . for judging how and when an agency should exercise its discretion." *Id.* at 830. The fact that an agency may not carry out their delegated powers with "sufficient vigor" does not mean that the courts are necessarily the appropriate vehicle to police this aspect of the agency's performance. *Id.* at 834. If Congress has imposed standards to define an agency's discretion, then there is "law to apply" and

the agency's decision is reviewable; otherwise, it is a decision "committed to agency discretion by law." *Id.* at 835; § 701(a)(2).

But there is an exception for denials of a petition for rulemaking. These denials differ from an agency's decisions not to initiate an enforcement action: the latter are rarer, more apt to involve legal instead of factual analysis, and subject to special formalities. *Id.* For instance, in *Massachusetts v. EPA*, the EPA denied plaintiffs' petition requesting that it promulgate rules to regulate four greenhouse gases, including carbon dioxide, emitted from new motor vehicles. *Id.* at 505. The Supreme Court concluded that under those facts, the affected party had an undoubted procedural right to file the petition in the first instance—thus, the EPA's refusal to promulgate new rules was susceptible to judicial review. *Id.* at 527–28.

Here, Plaintiffs' underlying petition in this case asks the USDA to ban force-fed foie gras from the human food supply. (Compl. Ex. A at 2.) The basis for this petition is Plaintiffs' assertion that force-fed foie gras is adulterated and should be condemned under 21 U.S.C. § 453(g)(3) and § 455. Poultry livers, including force-fed foie gras, are already regulated by the USDA under those statutes. (Compl. ¶ 89.)

Though titled "PETITION FOR RULEMAKING," Plaintiffs' request seeks to ban force-fed foie gras under existing laws and regulations: it is not a request to make new rules or modify existing rules. The Court notes that any agency discretion could be characterized as a rule, and therefore under *Massachusetts v. EPA*, would be presumably reviewable by the courts. But that is form over substance. Plaintiffs merely seek to persuade the USDA to conclude that *all* force-fed foie gras, by definition, are adulterated and diseased.

Plaintiffs' voluminous submission of technical papers and data supports the Court's view that Plaintiffs are challenging a scientific conclusion and not a legal one. (Compl. Ex. A.) The USDA's denial of Plaintiffs' petition shows that it disagrees with Plaintiffs' viewpoint that force-fed foie gras is adulterated or diseased: the USDA reaffirms that it is not. (Compl. Ex. B.) This controversy concerns scientific evidence

suggesting that force-fed foie gras should be banned under existing laws and regulations. This controversy isn't about promulgating rules.

The Court leaves this scientific conclusion for the USDA to decide based on its expertise in the field. See *Heckler*, 470 U.S. at 831. This is an issue falling squarely under the USDA's discretion by law. And because there are no legal issues to be considered concerning the USDA's petition denial, Plaintiffs are not entitled to judicial review under 5 U.S.C. § 702.

## V. CONCLUSION

For the reasons discussed above, Defendants' Motion for Judgment on the Pleadings is **GRANTED** (ECF No. 26) and Plaintiffs' Motion for Summary Judgment is **DENIED AS MOOT** (ECF No. 22). Defendants' alternative Motion for Summary Judgment is also **DENIED AS MOOT**. (ECF No. 26.) This case is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

March 22, 2013

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE