IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANIMAL LEGAL DEFENSE FUND, et al.,

    Plaintiffs,

  v.

HVFG LLC, et al.,

    Defendants.

No. C 12-05809 WHA

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

A recent order granted in part and denied in part defendants' motion to dismiss. Of particular relevance here, the order concluded that plaintiff Regal Vegan had both Article III standing and standing under the Lanham Act (Dkt. No. 50 at 7, 11). Defendants now move for leave to file a motion for reconsideration. They argue that the rulings on standing were based on the allegedly faulty premises that "plaintiffs assert that defendants' advertisements misrepresent the nature of defendants' pâté and that Regal Vegan and Hudson Valley purportedly compete in a market for 'humanely produced pâtés' or 'spreadable pâtés'" (Dkt. No. 62 at 2 (emphasis removed)).

Defendants' request for leave is **DENIED**. Defendants — who admittedly sell foie gras — complain that they do not sell pâté, that the complaint contains no allegation that they sell pâté, and that there is no evidence in the record that they sell pâté. This objection proceeds from semantic hair-splitting. Foie gras is commonly defined as "fat liver esp. of a goose usu. in the form of a pâté, puree, or terrine." *Webster's Third New International Dictionary* 881 (1961).

For now, that defendants' product may not technically be a "pâté" in its natural state is not dispositive. The prior order determined that Regal Vegan has alleged sufficient facts — at this preliminary stage — that the parties produce competing *products* and compete for the same pool of potential customers (Dkt. No. 62 at 6). To the extent that the gravamen of defendants' motion disputes whether they actually compete, defendants must now pursue such contentions at summary judgment, or at trial.

**IT IS SO ORDERED.**

Dated: May 14, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE