IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANIMAL LEGAL DEFENSE FUND,
a non-profit corporation, and REGAL VEGAN,
INC.,

    Plaintiffs,

  v.

HVFG LLC, (d/b/a "Hudson Valley Foie Gras"),
MARCUS HENLEY, MICHAEL GINOR, IZZY
YANAY, and RICHARD BISHOP,

    Defendants.

No. C 12-05809 WHA

**ORDER GRANTING
IN PART AND DENYING
IN PART DEFENDANTS'
MOTION FOR PARTIAL
JUDGMENT ON THE
PLEADINGS**

## INTRODUCTION

In this false advertising action over foie gras marketing, defendants move for partial judgment on the pleadings under Rule 12(c). For the following reasons, defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

## STATEMENT

Plaintiffs Animal League Defense Fund, an animal rights advocacy group, and Regal Vegan, Inc., a purveyor of plant-based pâté, allege that defendants HVFG LLC and four of its officers (collectively "Hudson Valley") violated the Lanham Act and California's unfair competition and false advertising laws by marketing their foie gras as "the humane choice."

The following facts relevant to this motion are alleged in the complaint. HVFG is the largest foie gras producer in the United States. Foie gras is a delicacy (which is sometimes in

the form of a pâté), produced from the livers of farm-fattened ducks or geese (defendants raise ducks only). Hudson Valley markets its product as "the humane choice" online through its website, Facebook page and Twitter page, and in its printed marketing materials (Compl. ¶¶ 17–24). Defendant Yanay, co-owner of HVFG, also appeared in an online video where she stated that "it is very important that people understand ducks on this farm are not hurt and they are not in any kind of discomfort" (*id.* at ¶ 25).

Hudson Valley's ducks are force-fed two or three times a day: "[A]n inflexible, unlubricated tube is forcibly inserted into their esophagi. Within seconds, a large volume of . . . corn mash is pneumatically delivered through this ten-inch tube directly into the bird's stomach" (*id.* at ¶ 51). Some ducks die from the force-feeding before they can be slaughtered, although slaughter is timed to occur just before force-feeding typically becomes fatal. Common injuries and illnesses that result from this process include ruptured esophagi, bone fractures, inhalation of food into the lungs, and hepatic lipidosis, which causes liver failure and seizures. The ducks are not given veterinary treatment and so may suffer with these ailments for up to four weeks until they die or are slaughtered (*id.* at ¶¶ 61, 63, 71). Plaintiffs insist that defendants' slogan for their foie gras — "the humane choice" — is therefore false and misleading. This allegedly harmed plaintiffs because, if the slogan is in fact untrue, the misrepresentation plausibly led consumers to mistakenly believe that foie gras production is humane. Foie gras production is in fact inevitably *inhumane*, or so it is alleged.

Plaintiff Regal Vegan, a new and small firm, makes a spreadable product dubbed "Faux Gras" made primarily from beans. Styled as an alternative to animal-based pâtés, Faux Gras is sold in stores in Colorado and Washington D.C., as well as online through the company's website. Regal Vegan asserts that its sales are hampered by Hudson Valley's misleading branding, and that if consumers knew that the Hudson Valley foie gras was in fact not humanely produced, consumers would be more likely to buy Faux Gras.

Plaintiff ALDF is an advocacy group that targets animal cruelty through the legal system. The organization expends resources on educating the public about foie gras production methods and lobbying the legal and business communities to combat and denounce the practice.

For example, ALDF has coordinated press releases and letter-writing campaigns on the cruelty of force-feeding, conducted extensive legal research on possible strategies to combat it, and collected expert testimony to support these efforts. Although California law bans force-feeding birds to produce the enlarged liver necessary to make foie gras and prohibits selling products that rely on force-feeding, out-of-state foie gras producers may still ship their products to California. Cal. Health & Safety Code Section 25982.

Plaintiffs' complaint alleges that Hudson Valley's marketing violates the Lanham Act, and California Business and Professions Code Section 17200 and Section 17500. The complaint also pleads claims against certain individual defendants for aiding and abetting and for conspiracy (both of which are tied to the alleged violations of the Lanham Act, Section 17200, and Section 17500). Finally, plaintiffs allege a claim for respondeat superior against defendants Izzy Yanay and Michael Ginor as co-owners of HVFG.

In February 2013, defendants filed a motion to dismiss pursuant to Rule 12(b)(1) for lack of Article III standing, and a motion to dismiss pursuant to Rule 12(b)(6) for lack of Lanham Act standing and for failure to state a Lanham Act claim. The motion as to Regal Vegan's Article III standing was denied, and the issue of ALDF's Article III standing therefore became irrelevant. *See Leonard v. Clark*, 12 F.3d 885, 888 (9th Cir. 1993). The motion to dismiss under Rule 12(b)(6) was denied as to Regal Vegan, but the April 12 order found that ALDF lacked standing to pursue a Lanham Act false advertising claim because it does not compete with Hudson Valley to sell anything, and so does not "vie for the same dollars from the same consumer group" (Dkt. No. 50 at 8 (quoting *TrafficSchool.com, Inc. v. Edriver, Inc.*, 653 F.3d 820, 826 (9th Cir. 2011)).

Defendants now move for partial judgment on the pleadings under Rule 12(c) on two grounds: *First*, against plaintiff ALDF for lack of statutory standing to bring a claim for relief under either Section 17200 or Section 17500. *Second*, against both plaintiffs because their claims of conspiracy, respondeat superior, and aiding and abetting are not cognizable claims upon which relief can be granted.

# ANALYSIS

## 1. LEGAL STANDARD.

Our court of appeals has held:

> Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.

*Chavez v. United States*, 683 F.3d 1102, 1108–09 (9th Cir. 2012) (quotations omitted).

## 2. STANDING UNDER SECTION 17200 AND SECTION 17500.

In 2004, the California electorate substantially narrowed the standing requirements of Section 17200 and Section 17500 by passing Proposition 64. Standing is now limited to those who have lost money or property by reason of the challenged practice. Neither our court of appeals nor the California appellate courts have decided whether a public advocacy firm such as ALDF can have standing under Proposition 64 to challenge a business practice inimical to its purpose and against which the firm expends its resources, thus reducing the money and property it would otherwise have for other projects. The only decision on point is by Judge Consuelo Marshall in *Southern California Housing Rights Center v. Los Feliz Towers Homeowners Association*, 426 F. Supp. 2d 1061, 1069 (C.D. Cal. 2005). That decision held that even after the passage of Proposition 64, an advocacy organization has standing under Section 17200 when it diverts resources in response to challenged unlawful activity.

This order recognizes that if standing is conferred on such advocacy organizations then standing might also have to be extended, by the same logic, to individuals who divert their charitable giving from one cause to another in order to combat a proscribed business practice — and further recognizes that such an extension would effectively take us back to the "any person" standing problem that Proposition 64 sought to cure. On the other hand, if a competitor has standing by reason of money or property spent to combat a proscribed business practice, as a competitor surely does, then why should a public interest organization not have standing for the same reason? This can be argued either way. In the absence of controlling precedent, this order

4

will follow Judge Marshall's decision and recognize ALDF as a permissible plaintiff under Sections 17200 and 17500. This order further holds that the foregoing is true both for proscribed business practices as well as for false advertising, for the Court can see no reasoned basis for treating them differently. Defendants' motion is therefore **DENIED**.

### 3. PLAINTIFFS' DEPENDENT CLAIMS.

Hudson Valley asserts that plaintiffs' conspiracy, respondeat superior, and aiding and abetting claims should all be dismissed because they are not cognizable claims. At the hearing on this motion, the parties were asked to submit supplemental briefing on whether the agency immunity doctrine should bar these claims because they seek to impose liability on employees of defendant HVFG.

#### A. Respondeat Superior.

Hudson Valley asserts that respondeat superior cannot be a valid claim under California law. This order agrees. "Respondeat superior is not an independent cause of action; rather it is a theory of liability." *Fidelity Nat'l Title Ins. Co. v. Castle*, No. 11-00896, 2011 WL 6141310 at *15 (N.D. Cal. Dec. 8, 2011) (Judge Susan Illston). This order pauses to note that plaintiffs may still rely on the *theory* of respondeat superior as a basis of liability for defendant co-owners Yanay and Ginor, provided that it is adequately alleged. At this time, Hudson Valley only questions the viability of respondeat superior as a claim and does not challenge the merits of the theory. This order likewise declines to address this issue not raised by defendants.

Since plaintiffs' respondeat superior claim does not and cannot present a cognizable claim for relief, it is **DISMISSED**.

#### B. Conspiracy and Aiding and Abetting.

Plaintiffs' post-hearing brief withdraws their claims for conspiracy and aiding and abetting (Dkt. No. 98 at 2, 4). Those claims are **DISMISSED**.

**CONCLUSION**

For the foregoing reasons, defendants' motion for partial judgment on the pleadings is **GRANTED IN PART** and **DENIED IN PART**. There shall be no more Rule 12 motions.

**IT IS SO ORDERED.**

Dated: June 25, 2013.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6